MARTIN O. WALKER, Appellant, *v.* GRANT GOODRICH, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

If attorneys, who are co-partners, accept a retainer, the contract is joint, and continues to the termination of the suit, and neither can be released from the obligation or responsibilities assumed, either by a dissolution of their firm, or by any other act or agreement between themselves.

A dissolution of a partnership between attorneys, does not affect engagements made during partnership, so far as their clients are concerned.

The statute of limitations does not commence running against attorneys till the service contracted for has been performed, by a termination of the suit, or the contract has, in some way, been released.

GOODRICH, as surviving partner of Giles Spring, deceased, sued Frink and Walker, in assumpsit, for services performed for the latter parties, as their attorneys. Walker pleaded the general issue, the statute of limitations, and a plea of set-off. Upon these pleas, issues were made up, and a trial was had before J. M. WILSON, Judge, and a jury, at February term, 1855, of the Common Pleas Court. Verdict and judgment for the plaintiff below, for $3,000, and a motion for a new trial was made and overruled. Walker then appealed. It appears from the bill of exceptions, that Spring and Goodrich defended a suit in Chancery, by William Fowler against Frink and Walker, which was commenced in December, 1840, and was still pending at the trial of this cause. The value of the services rendered was proved. Spring died in July, 1851. Goodrich managed the suit from the dissolution of the firm of Spring and Goodrich, which was in the spring of 1849.

C. BECKWITH, JUDD, FRINK and WINSTON, for Appellant.

G. GOODRICH, *pro se.*

CATON, J. The evidence in this case was abundantly sufficient to justify the jury in finding that Spring and Goodrich were retained by the defendants below, to defend the chancery suit, and also that the services which they performed, were not

over estimated by the jury in their verdict. It would not be instructive, nor would it be profitable to review the evidence on these points. It is sufficient to state that it has been examined by the court, and that we are satisfied with it.

The principal question in the case arises under the plea of the statute of limitations, and on this question it required much ingenuity to make even a plausible argument.

It appears that Spring and Goodrich were, many years since, employed by the defendants below to defend a suit in chancery, which was prosecuted against them by one Fowler. At this time, Spring and Goodrich were partners in the practice of the law in Chicago. Within the five years previous to the commencement of this action, Spring died, but more than five years before the commencement of the action, Spring and Goodrich dissolved their partnership. At the time of the dissolution of the partnership, and even at the time of Spring's death, the chancery suit was still pending, the retainer of the plaintiffs below not having been previously terminated, although, after the dissolution of the partnership, the defense was principally, if not entirely, conducted by Mr. Goodrich. On the part of the plaintiff in error, it is insisted that the dissolution of the firm of Spring and Goodrich of itself, terminated the joint retainer, and that whatever was done subsequently, by either of the members of the former firm, was done in his individual capacity, and under a new retainer, either express or implied, and not in pursuance of the old contract of retainer, by which they were employed jointly. Such is not the law. The contract of retainer was a joint and continuing contract, and neither of the partners could be released from its obligation, or the responsibilities which they had thereby assumed, either by a dissolution of their firm, or by any other act or agreement between themselves. The relation of clients and solicitors existed between each of the partners and their clients, as much as if the partnership had not been dissolved. Whatever was done by either in the defense of that suit, after the dissolution, was done under the contract of retainer which they had previously made with their clients, as much as if they had never dissolved. A dissolution of a partnership subsisting between attorneys, has reference to new business to be undertaken, and does not affect engagements already made, at least so far as their clients are concerned, and the same remark may be made as to the formation of partnerships among attorneys. This is imperiously demanded by the rights of suitors. This is a principle so well settled and universally understood, that it is quite unnecessary to enlarge upon it.

The rights of these parties are to be considered precisely as if there had been no dissolution of the partnership between Spring and Goodrich, until the time of the death of the former, and the question only remains to be considered, whether the statute of limitations bars the plaintiff below, as surviving partner, for service rendered by the firm in the defense of the chancery suit, more than five years before the commencement of this action. On this point also, the law is equally clear and well settled. The statute of limitations could not commence running till the services contracted for had been performed, by the termination of the suit, or the contract of retainer had, in some other mode, been determined. *Whitehead* v. *Lard,* 11 Law and Equity R. 587; *Foster* v. *Jack,* 4 Watts R. 334; *Harris* v. *Osborn,* 2 Cromp. and Meason, 629.

No other case than this could be required to illustrate the propriety of this rule. Here was a suit pending in court for more than twelve years, during all of which time the defense was conducted by these solicitors, with great ability, and the most constant assiduity, requiring, at one time, an almost constant attendance before the master, for about nine months, in stating the accounts of a partnership involved in that suit. Did the statute of limitations commence running at the termination of each day, as to the services rendered on that day? Were the solicitors obliged to pause in their defense, within each period of five years, to commence a suit against their clients for the services already performed, or forfeit them? The very statement of the proposition shows how embarrassing, inappropriate, and indeed, impracticable, such a rule would be.

We find no error in the law as laid down by the court to the jury, and the judgment must be affirmed.

*Judgment affirmed.*