GUY C. NOBLE, Surviving Partner, v. HIRAM BELLOWS.*

*Contract by one Partner before the Partnership Formed.
Condition Precedent. Statute of Limitations.*

D. an attorney, was indebted to B. The two entered into a contract, by which D. was to do B's law business at *one half* the usual price, and B. was to let D. have all his business in *one county*, except what he should do himself. Soon after the execution of the contract D. formed a law partnership with N. ; *but this contract was not made known to him.* B. broke his part of the contract by giving the *greater part of his law business to another attorney, and only the smaller* part to D. and N. D. and N. charged their usual fees on their company book for what they did for B. A part of the account accrued more than six years before the commencement of this suit; but was for services rendered in suits terminated within the six years. *Held,*

1. That the plaintiff, as surviving partner, is entitled to recover ; that the defendant should have *performed his part of the contract before he was entitled* to an *application upon his debt,* or, a *reduction of the account ;* that the employment of D. was a *condition precedent* to be performed by the defendant.
2. That an attorney's employment in a suit is continuous ; and that the Statute of Limitations does not begin to run on his account until the case is ended, or, he is otherwise discharged.

HEARD on the report of an auditor, at the September Term, 1875, ROYCE, J., presiding. Judgment, *pro forma,* for the defendant. The auditor found, that the plaintiff never was informed of the agreement, as claimed by the defendant in reference to the application of the account; " that shortly after the plaintiff and Dewey entered into their said partnership, and before the accruing of any of the account in this suit, the defendant had conversation with the said Dewey about the business, on which occasion the said Dewey told the defendant that he would go right along and

---

*Heard at the January Term, 1877.

do the business just as they (the defendant and Dewey) had agreed, that going into partnership should make no difference, that he wanted to continue the business and wanted to pay what he was owing him, (the defendant in this case,) meaning by doing his law business."

" The defendant, during the accruing of the account in this suit, whenever he had occasion, always applied to, consulted and advised with the said Dewey in relation to the business charged for in the plaintiff's account, and understood and expected that all charges for said business would be adjusted and discounted according to the *contract*, and would then be applied on the said indebtedness of the said Dewey to the defendant." The other facts appear in the opinion.

*Noble, Davis & Smith*, for the plaintiff.

The fact as found and reported by the auditor that the defendant after a certain time gave all his business to another lawyer to do, would appear to be conclusive that the defendant did not consider himself obligated to give Dewey, or the firm of Dewey & Noble, his business to do.

It is a familiar principle that both parties to a contract must be bound, or that neither is. This case is wholly unlike the case of *Strong* v. *Preserved Fish*, 13 Vt. 277. In this latter case, Royce, the deceased partner, agreed with the defendant Fish that all services thereafter rendered by the firm of Royce & Strong should be applied upon a private debt due from Royce to the defendant Fish. From the facts in the case of *Strong* v. *Fish*, the court must have decided the case upon the ground that the services performed by Royce & Strong for the defendant Fish, and as performed operated as an immediate payment, extinguishing *pro tanto* so much of the debt from Royce to the defendant.

The court in deciding the case say : " The rendition of such subsequent services did not create a subsisting debt against the defendant, but that the partner, whose private debt became thereby extinguished, became *pro rata* a debtor to the firm."

In the case at bar no immediate application was contemplated

by Dewey and the defendant, but it was understood that no application was to be made until the account was adjusted.

*E. A. Sowles,* for the defendant.

There was no breach of the contract on the part of defendant on account of the defendant's giving business to Sowles. The contract is only signed by Dewey. It says " I agree to do what law business Hiram Bellows MAY GIVE TO ME TO DO," " and the said Hiram Bellows is to EMPLOY ME IN what law business he has done in this county except what he does himself." The fact that Sowles assisted the defendant without charge, if not construed under the contract so as to come under the excepting clause, would not give Dewey the right to be employed exclusively by the defendant. If Dewey was employed in what law business, &c., the defendant had a right to employ as many others as he saw fit. The extent of the employment is not fixed, nor does the defendant question the right of Dewey to charge for employment in all cases in which Sowles assisted, provided it is done in payment of defendant's debt against Dewey. If, however, Dewey having had seasonable notice, as appeared from the report, that Sowles was assisting the defendant, and claimed that that was a violation of the contract, he should have notified the defendant, and offered to rescind the contract, and terminated it. Failing to do so, he acquiesced, and whatever business was done thereafter was performed under the terms of the contract. *Blanchard* v. *Butterfield,* 12 Vt. 451; *Sumner* v. *Parker,* 36 N. H. 449.

If he had rescinded, the defendant might have continued him and might not, as there is no time fixed by the contract in which either party was bound to continue the same. *Corney* v. *Newbury,* 24 Ind. 203 ; *Mullen* v. *Bloomer,* 11 Iowa, 360.

The opinion of the court was delivered by

ROYCE, J. Upon the facts found by the auditor, the defendant claims that the plaintiff is not entitled to a judgment for any portion of the account which the auditor has found due from the defendant to the firm of Dewey & Noble, for the reason that by

34

the contract executed by Dewey to the defendant on the 18th day of June, 1862, and accepted by the defendant, said account should be applied in payment of certain notes which the defendant then held against Dewey. The contract stipulated that Dewey was to do what law business the defendant might give him to do, charging him the usual rates, and was to deduct one half, the defendant paying clerk, court and officers' fees. And the defendant was to employ Dewey in what law business he might have to be done in Franklin County except what he might do himself. The partnership between Dewey & Noble was not formed until some time in the month of November, 1862. The contract made no provision for the payment of what might become due to Dewey under it; and the first question presented by the report is upon the correctness of the ruling of the auditor in receiving evidence *aliunde* the contract to show the agreement of the parties at the time the contract was executed, as to how Dewey was to be paid for the services he might render under it. But we do not deem it necessary to pass upon that question. By the contract the defendant agreed to employ Dewey in what law business he had to be done in Franklin County, except what he might do himself; and conceding that the defendant under the contract was entitled to have the account of Dewey for such services apply on the notes he held against him, it was incumbent on the defendant to show a performance of the contract on his part, before he was entitled to have such application made, or the reduction made in the account which was provided for in the contract. The employment of Dewey as provided in the contract, was a condition precedent to be performed by the defendant. The auditor has found that after March or April, 1865, and until the dissolution of the firm of Dewey & Noble, the greater part of the defendant's law business was done by Edward A. Sowles, Esq., so that during said period Dewey was not employed in the law business of the defendant that was done by said Sowles. We think the facts found by the auditor as to the compensation paid Sowles by the defendant, does not vary or change his obligation to employ Dewey in said business. And the terms upon which Sowles did the business was

a matter of indifference to Dewey. And probably one inducement which led Dewey to make what would seem to be an improvident contract as far as compensation for his services was concerned, was the obligation of the defendant to employ him in all his law business that he did not do himself. And when the defendant elected to employ another lawyer to do the business which, under the contract he should have employed Dewey to do, it was an abandonment of the contract on his part, and released Dewey from all obligation to have the pay for services that he might thereafter render, applied as they would have been if the defendant had kept and performed his part of the contract. Neither do we think that any notice to the defendant was required from Dewey. The defendant was chargeable with notice that in order to hold Dewey to the performance of the contract, it was necessary for him to show performance on his part. The account which the auditor has found due from the defendant, all accrued subsequent to the breach of the contract by the defendant, and the defendant knew that during all the time while said account was accruing Dewey & Noble were in partnership. Dewey & Noble, then, are entitled to a judgment for that portion of their account which accrued subsequent to April, 1866, unless some portion of their account is barred by the Statute of Limitations. The auditor has found that the items of their account from No. 58 to No. 66, accrued more than six years before the commencement of this suit; but they were for services rendered in two suits in which Dewey & Noble, or Dewey, were employed by the defendant; and that the suits were not fully terminated until within six years before the commencement of this suit. It is well settled in this State that an attorney's employment in a suit is continuous; and the Statute of Limitations does not begin to run upon his charges therein until the suit is ended, or his employment otherwise terminated. *Langdon* v. *Castleton*, 30 Vt. 285; *Davis* v. *Smith*, 48 Vt. 52. The views above expressed render it unnecessary for us to pass upon the questions made in argument affecting the rights and liabilities of parties, resulting from contracts made by an individual partner either before or

after the formation of the partnership; for the decision of this case is not dependent upon any such consideration.

The *pro forma* judgment of the County Court is reversed, and judgment on the report for the plaintiff for $227.58 and interest from the 20th day of September, 1875, and costs.