## HERMAN H. CARTER
## v.
## JOEL CARTER.

*Contracts—Costs of Test Case—Contribution—Limitations—Continuing Agreement—Question for Jury—Partnership.*

1. The joinder of two or more persons in a single adventure for their mutual advantage does not constitute them copartners in such sense as to oust a court of law of jurisdiction in respect thereto.

2. Where two persons, as between themselves by parol agreement, are each liable for one half the costs of an extended litigation, the one who is primarily liable as a party may await the enforced payment of the entire costs at the end of such litigation, and then compel the other to contribute his proportion, although more than five years have elapsed since certain of the items became due and payable, the contract being a continuing one.

3. In the case presented, the question whether there was a verbal contract for the payment of the expenses of the suit in question, was for the jury, the evidence being conflicting.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. CHARLES FOWLER and J. H. FOWLER, for appellant.

The only conclusion that can be derived from appellee's testimony is that he was to prosecute his suit, pay the costs when incurred, and to be reimbursed for one-half of them by appellant. Some of the costs and expenses were due when incurred and the balance when the case was determined, which resulted in a judgment against plaintiff, appellee, for costs. He so considered it, for in October, 1878, he presented a bill for one-half of the expenses, paid in first trial, to appellant, which appellant refused to pay. Appellant himself testifies that that was his understanding of the contract. If that is true, we contend that one-half of the costs in the second trial were due the appellee when the cause was remanded back, June 17, 1880. The President, etc., v. Joel Carter, 6 Ill. App. 421.

Carter v. Carter.

A right of action accrued at that time under the contract alleged by the appellee, and therefore the statute of limitations began to run from that time instead of the time when appellee paid them on a judgment against him and his sureties on his bond for costs.

The court modified our third instruction by instructing the jury that the statute began to run when plaintiff, appellee, paid them. This, we contend, is not the law and never was. We understand the rule announced in all the text books and decisions of the courts is, "that the statute begins to run from the time that a right of action accrues to the plaintiff when he could bring suit." Starr & C. Ill. Stat., Statute Limitations, Sec. 15, Chap. 83; Shelburne v. Robinson, 3 Gilm. 600; Cagwin v. Ball & Co., 2 Ill. App. 70; 3 Parsons on Contracts, 6th Ed., 1; Wood on Limitations of Actions, Secs. 117, 119, 120, 141, 147; Brant v. Gallup et al., 111 Ill. 487; McKerras v. Gardner, 3 Johns. 137; Williams v. Hurst, 25 Texas, 667; Hitt v. Sharer, 34 Ill. 9; Thompson v. Reed, 48 Ill. 119.

As to construction of words, "when a cause of action accrues," see Humphry v. Cole, 14 Ill. App. 176; Cochrane v. Oliver, 7 Ill. App. 176; Collins v. Thayer, 74 Ill. 138.

Where parties agree to share in the profits of a business the law will infer a partnership between them in the business to which the agreement relates. This presumption will control until rebutted by proof to the contrary. Lockwood v. Doane et al., 107 Ill. 236.

By the contract there was clearly that joint interest in the particular adventure which would constitute the parties partners. Robbins v. Laswell, 27 Ill. 365; Burgess v. Badger, 12 West. Rep. 806; S. C., 14 N. E. Rep. 857.

Mr. GEORGE H. HAIGHT, for appellee.

UPTON, J. This is an action of assumpsit commenced in the La Salle Circuit Court by the appellee against the appellant, on the 19th day of February, 1887, for the breach of an alleged verbal contract to pay one-half of the expense of a suit brought by the appellee, Joel Carter, against the village of

Earlville, in said county, for damages sustained by the falling
of a bridge in that village, while Joel and his brother, Her-
man H. Carter, were passing over it upon the street of that
village.

The record in this case shows that some time in the spring
of the year 1876 the appellant and appellee, while passing over
a bridge in the streets of said village, were injured by the
fall of a bridge; that during that year, some time in October,
suits were commenced by appellant and appellee indi-
vidually in the Circuit Court of La Salle county against the
village, to recover damages for injuries claimed to have been
by them severally sustained by the fall of the bridge.

The appellee settled his suit with the village before any
trial was had. In February, 1878, appellant tried his suit in
the Circuit Court and obtained judgment, which was appealed
by the defendant village to the Appellate Court. The Appel-
late Court reversed the judgment and remanded the cause.

In February, 1879, a second trial was had in the Circuit
Court, and again resulted in a verdict against the village, from
which an appeal was again taken to the Appellate Court,
which court again reversed the judgment and remanded the
cause. The case was not again tried. In the prosecution of
this suit Joel Carter, appellee, was, previous to the second
trial, directed by the Circuit Court to give bond for costs,
which he did, signed by himself as principal, and one William
Wilson and the appellant, Herman H. Carter, as sureties.

After the cause was remanded the second time, suit was
brought on the bond for costs, filed by the appellee in the Cir-
cuit Court, and judgment was obtained thereon against appel-
lee and his sureties, amounting to about the sum of $256.98;
other sums were paid by the appellee in the progress of said
suit between February, 1878, and August, 1886, amounting to
about $268.45, as costs and expenses therein, exclusive of attor-
ney's fees. This, in substance, is not disputed.

It is claimed by appellee that appellant became liable to
pay the one-half of the costs and expenses of the prosecution
of the suit of appellee against the village of Earlville as a

test case, to determine the right to recover, not only in that suit, but in the one pending in favor of appellant against the village, defendant, on the same state of facts, by virtue of a verbal contract and agreement to that effect made, as is alleged, near the time of the commencement of the two suits against the village of Earlville, and before the settlement of appellant's suit with said village. This is denied by appellant. And the contention in the court below was whether any such verbal contract of a legal character was made between the parties, and, if so, whether the statute of limitations applied to the whole or any part thereof. The case was heard by a jury in the court below, who found a verdict for the appellee and assessed his damages at $128.49, from which an appeal was taken to this court.

It is manifest that whether or not a verbal contract for the payment of the expenses of the suit of appellee against the village of Earlville was made as claimed, was a question of fact for the jury. The evidence was conflicting in regard thereto, and we can not say that it is insufficient to support the verdict.

It is further insisted that this suit can not be maintained, for the reason that the verbal agreement, if established, created a partnership between appellant and appellee, and as no accounting or settlement had ever been made, and no balance struck between the partners, a court of law had no jurisdiction. Whether a partnership in the prosecution of suits of this character can legally be made or enforced we are not called upon now to determine. The question presented to us is whether, from the evidence in this record, they were partners in the particular transaction out of which the present claim arose. The record in this case at most discloses that appellant and appellee joined in the single adventure of the prosecution of a suit to determine the liability of a municipality to respond in damages for an alleged personal injury they had received in the fall of a bridge, over which they were together passing in the limits of the municipality, and which it was claimed it was bound to keep in safe condition and repair.

In Hurley v. Walton, 63 Ill. 260, it was held that the joining of two or more persons in a single adventure, in which the profits are to be equally divided, does not constitute such persons co-partners in such sense as to oust a court of law of its jurisdiction in respect thereto. We regard this as decisive of the question.

By stipulation filed in the court below the statute of limitations is interposed, and it is insisted by appellant the statute is a full defense to all of appellee's demands, because the record shows, as is claimed, that items of claim, except the receipts for money paid by appellee in August, 1886, to the clerk of the Circuit Court of La Salle county, being the sum of $256.98, was paid in the years 1878 or 1879, and that as to the sum of $256.98, which was a judgment on a bond for costs, as before stated, the several items comprising that judgment were due and payable more than five years prior to the commencement of this suit, and that an action then accrued and the statute commenced to run from that time. Under the facts in this record we can not yield or assent to that proposition. It will be observed that, under the verbal contract as found by the jury in this case, it was as much the duty of the appellee as that of the appellant, to pay the costs accruing in the suit of Joel Carter v. The Village of Earlville, as between themselves, and it appears from the evidence that at least appellee so regarded it in making the demand on appellant for the payment of one-half the costs of the first trial in 1878, which he refused to pay.

These costs were due to the officers of the courts in which the suit was, or had been pending, and after refusal of appellant to pay under the verbal contract, as he had agreed to do, appellee might well, as between themselves, await the enforced payment thereof, and then compel appellant to contribute in accordance with the contract.

In the proceedings in this suit appellee was the party of record, and he alone was primarily liable for the costs; no fee bill or other process could issue to enforce payment thereof from appellant. Having instituted the suit appellee's duty was to proceed therewith until determined, and the test established,

to effect which the suit was commenced, and then compel the performance of the verbal contract for contribution, if not performed voluntarily. Or the appellee might have abandoned the further prosecution of the suit after refusal of appellant to contribute his proportion under the verbal contract, and have enforced the contract against him.

This contract was in the nature of a continuing one; it contemplated, as the counsel for appellant have well said, that the appellee was to go on and pay all costs of the test case, and afterward be reimbursed by appellant for the one-half of the amount so expended.

In the case of Walker v. Goodrich, 16 Ill. 341, which was an action by an attorney for services in defending a suit in chancery, the service commencing in 1840 and not having terminated at the time of the hearing, in 1855, the court held that the statute of limitations for the performance of a duty or employment, could not commence running until the service, duty or employment had been performed by the termination of the suit, or the contract of retainer had in some other mode been determined; in other words, was a continuing contract. There was a suit pending in court for more than twelve years, requiring almost daily attention for a large part of that time.

The court asks: " Did the statute of limitations commence running at the termination of each day as to the services rendered on that day? Were the attorneys obliged to pause in their defense within each period of five years to commence suit against their client for the services already performed, or forfeit them? The very statement of the proposition shows how embarrassing, inappropriate and, indeed, impracticable such a rule would be."

The case of Darwin v. Smith, 35 Vt. 69, is in point; its similarity will be apparent from the opinion of the court, which in part we quote: " This case shows that the plaintiff was to make disbursements for the expenses of the suit, and that when those expenses were ascertained they were to be adjusted between the defendant and himself according to the defendant's agreement.

". The plaintiff could have no cause of action until he had made the necessary payments resulting from the suit.  *  *  *  As the plaintiff's cause of action did not accrue until the expenses of the suit were, in fact, paid by him, the plaintiff was entitled to a verdict for one-half of the expenses paid."

We therefore conclude that this objection is not well taken.

The instructions of the court given to the jury, although not in full accord with the rule stated, were far more favorable to the appellant than as here expressed, of which appellant can not complain, and no cross-errors having been filed by the appellee, and finding no error in the proceedings of the court below requiring our interference, the judgment is affirmed.

*Judgment affirmed.*