CLARKSON *v.* YOUNG *et al.*

*(City Court of Brooklyn, General Term.*   October 30, 1890.)

LIMITATION OF ACTIONS—RUNNING OF STATUTE—ATTORNEY'S FEES.
  The statute of limitations does not commence to run against an attorney's claim for
  compensation for conducting the defense of a suit, until after the entry of final
  judgment therein.

Appeal from judgment on report of referee.

Action by William K. Clarkson against Emma Young and Peter A. Young.
There was judgment for plaintiff, and defendants appeal.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Horace Graves,* for appellants.   *Dana & Clarkson,* for respondent.

OSBORNE, J.   Plaintiff, as assignee of the law firm of Dana & Clarkson,
Esqs., brought this action in March, 1889, to recover the sum of $536.16
alleged to be due for professional services, including disbursements, rendered
by plaintiff's assignors to defendants, between October 1, 1880, and March. 1,
1888.   The issues were referred to Hon. Joseph Aspinall, who rendered a
report in favor of plaintiff for the full amount claimed, and from the judg-
ment entered thereon, defendants take this appeal.   It appears from the evi-
dence that in October, 1880, defendants in this action had been sued by
Andrew S. Wheeler, and that he had recovered a judgment against them,
which had been affirmed by the general term of the supreme court.   Their
former lawyer, Mr. Knaebel, had left the city, and defendants retained Dana
& Clarkson to prosecute an appeal to the court of appeals.   This they did,
and with the aid of Messrs. Van Cott & Winslow, retained by defendants as
counsel, a reversal of the judgment was obtained in the court of appeals,
and a new trial ordered.   On the new trial before a referee, defendants were
successful, and in October, 1882, Messrs. Dana & Clarkson obtained the
referee's report in their favor, and on February 23, 1888, Dana & Clarkson
entered final judgment.   It will be observed that there is a lapse of over five
years between the rendition of the referee's report and the entry of final judg-
ment.   After the rendition of the referee's report, it appears that Dana &
Clarkson sought to obtain compensation for the services they had rendered,
and, failing that, they took no further steps till February, 1888, when, as
before stated, they entered final judgment.   The principal defense urged by
the learned counsel for the appellants is the statue of limitations, it being
contended by him that the request or demand in 1882 for payment, before
proceeding further, was virtually a discharge or abandonment, by Dana &
Clarkson, of their position as attorneys for the defendants, and that the statute
began to run from that time.   There is a decided conflict between the parties
as to exactly what took place in 1882,—as to whether Dana & Clarkson then,
in default of payment of their claims, merely sat still and postponed the
entry of final judgment till some arrangement should be made for the settle-
ment of their claim, or as to whether, as defendants claim, Dana & Clarkson
abandoned the case, and were directed by defendants to do nothing further.
Certain letters from Dana & Clarkson to the defendant Peter A. Young,
ranging in date from November, 1882, to June, 1883, apparently relating to
Dana & Clarkson's request for a settlement, were offered in evidence on the
trial by defendants' counsel, but, as they are not printed in the case, we are
left in the dark as to their contents.   The learned referee who heard the wit-
nesses testify, and who also had these letters before him, has refused to find,
as requested by defendants' counsel, that in November, 1882, "Dana & Clark-
son refused to perform further services for the defendants unless they were
paid for the services up to that time rendered, and the defendants requested
said Dana & Clarkson to perform no further services in said action," and we
feel constrained to adopt his finding in that respect.

While it is undoubtedly the law, as claimed by defendants' counsel, that Dana & Clarkson's contract was an entire one, and that they had no legal right to insist upon compensation till they had conducted the litigation to its termination, on the other hand, the statute did not begin to run against their claim for compensation until their relation as attorneys in the suit had terminated. In *Bathgate* v. *Haskin*, 59 N. Y. 533, the court of appeals say: "The client may terminate it [the employment] at his pleasure, or the attorney may do so after reasonable notice; but, in the absence of proof to the contrary, the presumption is that it continues until the litigation has ended." We think that the statute of limitations did not begin to run till the entry of final judgment in February, 1888, and, consequently, does not furnish a defense to the claim in suit. We are further of the opinion that the proof was ample to sustain a retainer of Dana & Clarkson by both defendants. It is further contended by defendants that Dana & Clarkson succeeded to Mr. Knaebel's agreement with defendants for compensation, which was to be one-fourth of the land affected by the litigation, if successful; that one-fourth of the land was conveyed to Van Cott & Winslow for their services as counsel, which also included Dana & Clarkson's fees; and that, consequently, defendants owe Dana & Clarkson nothing. We can find no evidence in the case to sustain such a contention. We fail to see that any error was committed by the referee in excluding the agreement between Van Cott & Winslow and Dana & Clarkson. It is not printed in the case, and we are, consequently, unable to form any opinion as to its relevancy. For aught that appears to the contrary, it had no bearing on the question of defendants' liability to the plaintiff, and was therefore irrelevant, and properly excluded. For the reasons above stated, we think that the judgment should be affirmed. Judgment affirmed, with costs.