FELT ET AL. *v.* MITCHELL.

[No. 6,761. Filed June 8, 1909.]

1. PARTNERSHIP.—*Dissolution.*—*Attorneys.*—*Qualifying as Judge.*— Qualifying as a circuit judge dissolves a partnership of attorneys of which firm such judge was a member. p. 98.

2. LIMITATION OF ACTIONS.—*Attorneys' Services.*—*Contract.*—The statute of limitations does not begin to run in case of an action for attorneys' fees until final judgment has been rendered in the action in which the service was rendered, or until the service has been completed. p. 98.

3. ATTORNEY AND CLIENT.—*Dissolution of Partnership of Attorneys.* —*Effect.*—The dissolution of a partnership of attorneys does not annul nor abridge their duty to their clients. p. 98.

4. ATTORNEY AND CLIENT.—*Death of One Attorney of Partnership.* —*Effect.*—*Survivors.*—The death, or disqualification from practice, of an attorney in the partnership, gives the client an option to terminate ·the employment, but if the client elect to continue the employment the surviving partner or partners are bound to complete the service without extra compensation. p. 99.

5. LIMITATION OF ACTIONS.— *Accounts.*— *Attorneys' Fees.*— Where the litigation in which the attorneys' services were performed ended on December 11, 1900, an action for such services commenced on December 10, 1906, was not barred. p. 99.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Edward W. Felt and another against John F. Mitchell. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Cook & Cook, Felt & Binford* and *Walker & Van Duyn,* for appellants.

*Charles Downing,* for appellee.

COMSTOCK, J.—Appellants, as copartners in the practice of the law, sued appellee for attorneys' fees alleged to be due to them for professional services rendered to him in certain cases in which he was the defendant.

Issues were formed by defendant's answer in two paragraphs: (1) General denial; (2) setting up the six-year statute of limitations, to which plaintiffs replied by denial.

There was evidence tending to show the employment, services rendered by virtue thereof, and the value of the services. At the conclusion of plaintiffs' evidence the court directed the jury to return a verdict for the defendant. This action of the court is made one of the reasons for a new trial.

Whether the instruction was correctly given depends upon the question whether the action was barred by the six-year statute of limitations.

After the employment and before the termination of the

action appellant Felt was elected and qualified as judge of the Hancock Circuit Court. This dissolved the co-partnership. The actions were dismissed and appellee was discharged on December 11, 1900, and this suit was commenced on December 10, 1906.

The employment of an attorney to represent a party to an action is a single employment, and the statute of limitations does not begin to run against his claim for services until such action or suit has terminated, or until judgment has been rendered in the cause in which he has been retained. *Hancock* v. *Pico* (1873), 47 Cal. 161; *Mygatt* v. *Wilcox* (1871), 45 N. Y. 306, 6 Am. Rep. 90; *Noble* v. *Bellows* (1881), 53 Vt. 527. See, also, *Bathgate* v. *Haskin* (1875), 59 N. Y. 533; *Bartlett* v. *Odd Fellows Sav. Bank* (1889), 79 Cal. 218, 21 Pac. 743, 12 Am. St. 139; *Langdon* v. *Town of Castleton* (1858), 30 Vt. 285; *Johnson* v. *Pyles* (1848), 11 Smed. & M. (Miss.) 189; *Bruyn* v. *Comstock* (1865), 56 Barb. 9; *Davis* v. *Smith* (1875), 48 Vt. 52; *Clarkson* v. *Young* (1890), 11 N. Y. Supp. 562; *Whitehead* v. *Lord* (1852), 11 Eng. Law & Eq. 587; *Foster* v. *Jack* (1835), 4 Watts (Pa.) 334; *Walker* v. *Goodrich* (1855), 16 Ill. 341.

The dissolution of a law firm does not dissolve the relation of the partners to their clients, and the clients may look to either or both for the performance of the duties growing out of the relation of attorney and client. *McCoon* v. *Galbraith* (1857), 29 Pa. St. 293. If attorneys who are acting as copartners accept a retainer the contract is joint, and neither can be released from the obligations or responsibilities assumed, either by a dissolution of the firm or by any other act or agreement between themselves. Such dissolution has reference only to new business to be undertaken. The statute does not run until the services contracted for have been performed or the contract has been released. *Walker* v. *Goodrich, supra.*

While employment of a firm of attorneys to conduct a liti-

gation is so far for the personal services of all that upon the
death of one member of the firm the client may elect
4.  to consider the employment terminated, yet the option
to terminate the employment is with the client. If
the client is willing to entrust the survivor with the further
management of the litigation in which the firm was employed,
the survivor is bound to complete the unfinished contract for
the benefit of the partnership without compensation, unless
otherwise agreed between the parties. *Little* v. *Caldwell*
(1894), 101 Cal. 553, 36 Pac. 107, 40 Am. St. 89.

The adjudicated cases do not recognize any distinction be-
tween commercial partnerships and those entered into be-
tween attorneys for the practice of their profession, in the
rule that the surviving partner is bound to complete all the
executory contracts of a firm that remain unfinished after the
dissolution of the partnership. The contract between ap-
pellee and appellants, referred to in the complaint, did not
become extinguished when appellant Felt became a judge.
Appellee did not elect to terminate the contract because he
was deprived of the personal services of appellant Felt, by
reason of his assumption of a judicial office. The employ-
ment had not therefore terminated, and they had no
5.  right of action until December 11, 1900. Until that
date the statute of limitation did not commence to run
against appellants. That date was within the six years.

Cases cited in the able brief of counsel for appellee are
not in conflict with the views here expressed. Other ques-
tions discussed may not arise upon another trial, and it is
not therefore necessary to consider them.

Judgment reversed, with instructions to sustain appellants'
motion for a new trial.