## Leonard G. Quackenboss, Appellee, v. John F. Devine, Administrator, Appellant.

### Gen. No. 15,972.

STATUTE OF LIMITATIONS—*when defense not established. Held,* under the evidence, that the defense of the Statute of Limitations was not established.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 16, 1912. Rehearing denied January 30, 1912.

CHARLES S. BABCOCK, for appellant.

GARTSIDE & HUDSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought in the Circuit Court by appellee, Leonard G. Quackenboss, an architect, against George W. Higgins, now deceased, to recover compensation for work alleged to have been done at the request of Higgins, in making plans and drawings for buildings which were never built, and a small item for an alleged proposed alteration in a building, which was never made.

The cause was tried before a court and jury, and a verdict was rendered in favor of the plaintiff for $1,-395 and judgment was entered thereon.

The verdict and judgment include services for plans made for an improvement on Milwaukee avenue and Cornelia street in Chicago, amounting to $357.50, also for work on California avenue on a proposed building to be located at California avenue, Stave street and George's court, amounting to $997.50, and also for plans made for changing the front of a building on North avenue, $40.

To the first item above mentioned the defense of the Statute of Limitations is set up in the pleas, and it is urged that the evidence shows that in 1897 the plaintiff was retained by George Higgins to prepare plans for the improvement of the Cornelia street property. The evidence shows with reference to this item that a set of plans was drawn and specifications were prepared in the early part of 1898; and that bids were solicited by the plaintiff for the several parts of the work. The sum total of the bids was greater than the amount that Mr. Higgins was willing to spend upon the property, and the actual construction of the building was deferred. Later, on various occasions, one Solomon Abelson, who had a saloon on the opposite corner from the property in question, asked Mr. Higgins to modify the plans prepared for his proposed building, so as to include a dance hall in the rear, with the understanding that Abelson would rent the property if the construction was changed as suggested by him. Thereupon, at the request of Higgins, the plaintiff made the required alterations in the plans, and subsequently Higgins changed his mind and requested plans for flats on the ground floor instead of stores and a dance hall; and the plans were again altered to correspond with Mr. Higgins' changed purposes in regard to the building, but the time for actually constructing the building was postponed. These changes continued from time to time until 1904. It appears therefore from the evidence that the matter of the preparation of the plans for the Cornelia street property was continually under

consideration from 1898 to 1904, and that during that time the plan and purpose of Mr. Higgins to improve the property was not abandoned, nor were the plans at any time rejected, nor was the retainer ended.

The case was tried upon that theory, before the court and jury, and the jury upon the evidence found in favor of the plaintiff as to that item.

We think under the evidence shown in the case that the Statute of Limitations cannot be applied to the case and that there was no defense made out thereunder. Walker v. Goodrich, 16 Ill. 341; O'Brien v. Sexton, 140 Ill. 517; Ennis v. Pullman Palace Car Company, 165 Ill. 161.

The evidence does not show that there was at any time any settlement or payment made by Higgins for the plans for the Cornelia street property or the other items above mentioned, or any settlement or adjustment of either of the claims for work done upon the plans for the improvement of the properties described above.

It appears from the record that when Higgins received the plaintiff's bill for the services recovered for in this action, he made no complaint in regard to the same, but said to the messenger who presented the bill that he would attend to the bills, or be down to see Mr. Quackenboss, appellee.

Without discussing the evidence in detail, we are of the opinion that it sustains the verdict and judgment.

We have examined the instructions complained of by appellant, and we find no reversible error therein. The instructions, we think, fairly submitted the case to the jury. There was nothing misleading or improper in them which should invalidate the judgment.

The amount of the verdict and judgment appears to us to be justified by the evidence in the case; and it can be distinctly and specifically itemized in the claims above set forth and the amounts thereof, so that the judgment is warranted by the facts proven, and is in

every respect reasonable and just as it appears to us. The judgment of the trial court is therefore affirmed. The cost of the additional abstract of record should be taxed against appellant.

*Affirmed.*