No. 9902.

STUART v. MURRAY.

Decided November 7, 1921.  Rehearing denied December 5, 1921.

Action for dissolution of partnership and accounting. Finding that the partnership had been dissolved, and judgment for defendant.

*Affirmed.*

1.  PARTNERSHIP—*Attorneys—Dissolution.*  Where one of two partners of a law firm becomes a district judge he can no longer practice, and the partnership is dissolved when he assumes office.

2.  *Winding up Affairs—Charges by Remaining Partner.*  The reasons for the rule that the surviving partner must close the business of the firm without charge, cannot apply where a member of a professional partnership voluntarily quits the firm.

3.  COUNTERCLAIM—*Contracts.*  Where a suit is upon a contract of partnership, counterclaims based upon contracts for services, are authorized by the second paragraph of section 63 code 1908, concerning counterclaims.

4.  APPEAL AND ERROR—*Conflicting Evidence.*  The appellate court is not at liberty to weigh the evidence upon contested matters of fact, regarding which it is in conflict.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. THOMAS WARD, JR., Mr. T. B. STUART, Mr. W. B. MORGAN, for plaintiff in error.

Mr. FRANK L. GRANT, Mr. C. A. MURRAY, for defendant in error.

*En banc.*

OPINION PER CURIAM.

THE parties to this litigation were for many years partners engaged in the practice of law. In the summer of 1913 the plaintiff in error went to Honolulu, Hawaii, as he says, for a needed rest. On December 5, 1914, he was appointed a judge of the district court at Honolulu, and held that office for two years. The defendant in error continued in the practice of the law, and this suit was brought by plaintiff in error for an accounting, and a dissolution of the partnership. Defendant answered traversing many of the allegations of plaintiff's complaint, and added a counterclaim for compensation for services rendered by the defendant after the plaintiff had left the state. The defendant set out in detail his services in certain litigation concerning plaintiff's individual property; also in litigation concerning real estate held by the parties in common, but not used as partnership property. A trial to the court resulted in a finding that the partnership was dissolved by the act of plaintiff in taking the office of judge on December 5, 1914; that certain sums were due to the plaintiff on the accounting, and that other sums were due to the defendant on his cross-complaint. Judgment was rendered for the defendant for the balance between these amounts.

Plaintiff brings error and contends that the partnership was never in fact dissolved; that a partner can claim no compensation against his copartner for services rendered in closing the business of the partnership; and that a motion to strike the counterclaims should have been sustained.

As to the first proposition, it is sufficient to say that the evidence clearly shows a dissolution of the partnership. We are of the opinion that the cases cited in support of the second proposition, which involve the duties of surviving partners, or of partners in purely commercial concerns, do not apply in a case of the dissolution of a law partnership by the voluntary withdrawal of a partner.

The reasons upon which is based the rule that the surviving partner must close the business of the firm without charge therefor, cannot apply in a case where a member of a professional partnership voluntarily quits the firm.

When he leaves the firm he withdraws from it all that he had therein, except as to accounts for past business of the firm. This exception to the general rule is founded on reason, and is supported by the authorities. *Isenhart v. Hazen,* 10 Kans. App. 577, 63 Pac. 451; *Justice v. Lairy,* 19 Ind. App. 272, 49 N. E. 459, 65 Am. St. Rep. 405.

We are further of the opinion that the court was right in determining that the partnership was dissolved by plaintiff's assuming the office of district judge; thereafter he could not engage in the practice of law, and he does not claim that he did so.

Plaintiff in error objects to the counterclaims upon the ground that they are not connected with the transactions involved in the suit, but they need not be so connected. Section 63 Code R. S., 1908, provides for counterclaims "arising out of one of the following causes of action:

First. A cause of action arising out of the transaction set forth in the complaint or answer, as the foundation of the plaintiff's claim or defendant's defense, or connected with the subject of the action.

Second. In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action."

This suit was on a contract of partnership and the counterclaims were upon contracts for services; they were clearly authorized by the last paragraph of section 63 and the motion to strike them was properly overruled.

Plaintiff in error has discussed at great length the testimony and exhibits, and contends that the court was wrong in its findings and judgment. The court having properly held that the plaintiff had no right to fees accruing from services rendered by the defendant after December 5, 1914, it was then for the court to apply the law to the facts in evidence. We are not at liberty to weigh the evidence upon these contested matters, where there is a conflict of evidence, and we find it unnecessary, therefore, to discuss the numerous attacks made upon the court's findings.

Aside from the questions of law already stated, we find nothing which calls for consideration.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE ALLEN and MR. JUSTICE DENISON not participating.