No. 9973.

STUART *v.* CHANEY, ET AL.

Decided April 3, 1922.  Petition for rehearing stricken May 1, 1922.

Action for sale, and distribution of proceeds of a trust estate.  Demurrers to complaint and cross-complaint, sustained.

*Reversed.*

1.  TRUSTS—*Equity.*  The regulation and enforcement of trusts is one of the original and inherent powers of a court of equity.

2.  PLEADINGS—*Equitable Action.*  Pleadings in an action for the sale and distribution of the proceeds of a trust estate reviewed and held to state a matter for the equitable cognizance of the court in the administration of a trust, and not subject to general demurrer.

3.  TRUSTS—*Trustees—Personal Claim.*  A trustee whose duty it is to sell, has no right to set up a personal claim, nor a breach of a contract between himself and others, as a reason for not performing his duty.

4.  PLEADINGS—*Amendments.*  Technical matters contained in pleadings may be corrected by amendment if necessary.

5.  APPELLATE PRACTICE—*Rehearing.*  An application for rehearing which is couched in intemperate and abusive language, stricken from the files.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. THOMAS B. STUART, *Pro se.*

Mr. CHARLES A. MURRAY, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

STUART and Murray are the surviving directors of a corporation whose charter expired when they and one Miller were directors. Miller has since died, thus they, under the statute, are trustees of the corporate estate. Murray and other persons who are stockholders brought suit against Stuart, alleging that the property could not be divided, asking for partition, for sale and distribution of the proceeds. Stuart filed a cross-bill, setting up the same facts and added that Murray had converted certain money and property of the company and was otherwise indebted to it, and that by reason thereof defendants Murray, Chaney and Baldwin are indebted to him, stating that an agreement had been reached between the stockholders for a sale and disposition of the proceeds which Murray refused to carry out, and praying for an account.

A demurrer to this cross-complaint was sustained, apparently on the ground that it was an attempt on Stuart's part to inject his personal claims against Murray and others into the case. A demurrer to the complaint was also sustained; the complaint was amended by setting up certain facts including a statement that the trustees were unable to agree and therefore could not sell. A demurrer to the complaint as amended was sustained. Stuart brings error, claiming that the demurrer to his cross-complaint was erroneously sustained; Murray et al. assign cross-error, claiming that the order sustaining the demurrer to the amended complaint was erroneous.

The case is a simple one; the difficulties have arisen because the elementary principles which govern it have been overlooked. "The regulation and enforcement of trusts is one of the original and inherent powers of a court of equity." 21 C. J. 116; *Clews v. Jamieson,* 182 U. S. 461, 21 Sup. Ct. 845, 45 L. Ed. 1183. When, therefore, the two trustees were unable to agree the proper course was to go to equity to have the trust administered.

The original complaint contains all the facts necessary to this end except the fact that the trustees could not agree. That was supplied by the amendment. The amended com-

plaint therefore stated a case of equitable cognizance and the demurrer thereto should not have been sustained.

The duty of these trustees, of course, was to dispose of the property and distribute the proceeds. The bill should be regarded as a bill to compel the performance of this duty. The confusion about it could scarcely have occurred if the word "partition" had been left out of it, but the word is unimportant; the substance of the bill is sufficient for sale and distribution.

The cross-complaint by Stuart stated that Murray, the other trustee, had converted trust property and was otherwise indebted to the trust estate. When the court takes up the administration of the trust, both the trustees must account to the trust estate. It was, then, the duty of the defendant trustee to call this matter to the court's attention, whether by cross-complaint or answer—it is immaterial what we call it, and the cross-complaint, therefore, stated a matter for the equitable cognizance of the court in the administration of the trust and a general demurrer to it cannot stand.

There is a claim that the cross-bill improperly joins causes of action and that it is ambiguous, unintelligible and uncertain. As to the first claim, it shows but one cause, if any, and insofar as its statements justifying an accounting by Murray are concerned, it is neither ambiguous, unintelligible nor uncertain. The remainder may be regarded as surplusage. With reference to the contract and the allegations connected with it, it is enough to say that a trustee whose duty it is to sell has no right to make any concession to him personally a condition of his consent to a sale or to set up a breach of contract between himself and others as a reason for not performing his duty, and, contract or no contract, the trustees must sell for the best price that they can get, and distribute; for that reason if for no other the allegations concerning the contract are immaterial. It is hardly necessary to say that an accounting in this matter must be only of dues to and from the trust (or the corporation, its equivalent) and that the distribu-

tion must be to creditors and stockholders only.

Something was said in argument about the capacity in which Murray sued and Stuart filed his cross-complaint; whether as trustee or personally. Such technical matters may be corrected by amendment if necessary. *Deutsch v. Baxter,* 9 Colo. App. 58, 47 Pac. 405. The necessary action in this matter should not be delayed on that account.

It is evident that the great need of this trust is intelligent, harmonious and immediate action. Such may be obtained by a receiver or the removal of the trustees and the appointment of another trustee, or perhaps some other method—we will not hamper the court by specific directions.

The case is reversed with directions to overrule the demurrers to the amended complaint and cross-complaint and to take further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE SCOTT not participating.

---

Note. Application for rehearing by plaintiff in error stricken from the files because couched in intemperate and abusive language. Mr. Justice Denison did not participate in the consideration of this application.

*On Petition for Rehearing.*