## No. 11,124.

### STUART *v.* CHANEY, EXECUTOR, ET AL.

Decided November 30, 1925.   Rehearing denied January 11, 1926.

Proceeding to require trustees to dispose of corporate property and distribute proceeds.   Decree for plaintiffs.

*Modified in Part.*

*Affirmed in Part.*

1. CORPORATIONS—*Settlement—Trustees.*  In settling the affairs of a corporation, it is the duty of the trustees to dispose of the company's property, collect credits, including amounts due from the trustees, pay its debts, and distribute the balance among the stockholders.

2. TRUSTS—*Trustees Disagree—Court Action.*  When trustees in settling the affairs of a corporation are so inharmonious that they can not perform their duties properly, a court action and appointment of a receiver is proper.

3. APPEAL AND ERROR—*Evidence.*  In a proceeding to settle the affairs of a corporation, the contention that the judgment should be reversed because a member of a debtor copartnership withheld its books in which corporate accounts had been kept, and altered them, is, under the facts disclosed, overruled.

4. *Res Judicata.*  The question of the sufficiency of a complaint having been settled on a former review, it will not again be considered.

5. CONTRACTS—*Unilateral.*  A unilateral contract is good.

6. TRUSTS—*Contract—Execution—Duty of Trustee.*  A trustee to settle the affairs of a corporation is bound to use his judgment as to the advisability of signing a contract, and cannot be charged with damages for a mere refusal in good faith to do so.

7. APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court which are based on conflicting evidence will not be disturbed on review.

8. TRUSTS—*Trustees—Personal Litigation.* Trustees settling the affairs of a corporation in which judicial proceedings are necessary, cannot litigate therein their personal claims against or with each other.

9. PARTNERSHIPS—*Dissolution—Settlement.* Where a partnership is settled in court, although a credit due from a corporation was presumably administered in the proceeding, if it should appear that it was not actually taken into account, it could thereafter be collected and distributed.

10. ACCOUNTING—*Jury.* A party is not entitled to a jury in an accounting case.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. ALBERT S. BROOKS, Mr. THOMAS B. STUART, for plaintiff in error.

Mr. CHARLES A. MURRAY, for defendants in error.

*En banc.*

OPINION PER CURIAM.

THIS is a bill by Murray, Chaney and Baldwin against Stuart to require the trustees, Stuart and Murray, as surviving directors of a defunct corporation, to perform their duty to dispose of the corporate properties and distribute the net proceeds. When we formerly had this case before us, we stated that this must be done. *Stuart v. Chaney,* 71 Colo. 279, 206 Pac. 386. It does not appear from the abstract of record what has been done to this end, but it does appear that an accounting has been had of the transactions of the trustees since the expiration of the corporation, and that a receiver has been appointed, and that he has taken some steps to perform the duties which ought to have been performed by the trustees. He should continue,

with all convenient speed, on this course, and the orders of the court to that end are approved and affirmed.

A referee was appointed who took an accounting as above stated, and many objections were made to his report. It was, however, approved by the court, with certain exceptions, and a decree rendered accordingly. One of these objections appears to be good: The referee proceeded on the theory that the claims of the parties against the defunct corporation and claims of that corporation against them were not before the court. This was, of course, erroneous. The duty of the trustees was to dispose of the company's property, collect all its credits, including, of course what, if anything, they themselves owed to it, pay its debts, including, of course, their rightful claims against it, and distribute the balance among the stockholders. What claims and what sort of claims ought to be allowed against a defunct corporation are questions for the consideration of the court in the case of each claim. Since the trustees could not agree, some action in court became necessary. *Stuart v. Chaney, supra.* As we there said, when trustees are so inharmonious that they cannot perform their duty properly, courts must act. A receiver in such case was proper. A determination of all the debts and credits of and to the company, including those of the trustees personally and as trustees, is essential to the final disposition of the case. We thought we had made that clear on pages 281 and 282 of 71 Colorado (206 Pac. 386). This must be done before the case is finally closed and the receiver discharged.

It is claimed that the case should be reversed because Murray withheld from Stuart the books of the firm of Stuart and Murray, in which the corporate accounts had been kept and altered them; but it is not made clear to us why that would justify reversal. The books were in evidence, without objection, so far as we can find from the abstract and the arguments, and they were considered by the referee and the court, together with the evidence of their alteration, and together with such other evidence as to the matters to which they were pertinent as was brought into

the case. These facts furnish no ground for reversal. There is also evidence to justify the conclusion that the books were in the court in Boulder, where they could have been examined, and that the only changes made were in pencil footings and not in the accounts proper. If Murray violated any order of court in regard to the disposition of the books it is not shown that any consequence followed except as claimed above. The weight of all this evidence was for the referee and the court.

Defendant Stuart renews his argument that the complaint states no cause of action, but that was settled in *Stuart v. Chaney, supra.*

It is claimed there was no evidence of disagreement between the trustees. The record itself, and, if there were no record, the briefs, would be sufficient proof of this disagreement.

It is claimed that Murray refused to sign a contract with one Porter which Stuart had initiated with reference to the company's property in the hands of the trustees, and thereby greatly injured the corporation assets. It is claimed and the court was of the opinion that this contract would not have been good, even if it had been signed, because it was a unilateral contract. If it were unilateral it would still be good (*Rifle Potato Growers v. Smith,* 78 Colo. 171, 249 Pac. 937), but it was not. The agreements of Porter would constitute a good consideration for the lease and option, which the contract purported to give to them. It is claimed that Murray was therefore wrong in refusing to sign the Porter contract; but he was bound as trustee to use his judgment on the question, and so cannot be charged with damages for the mere refusal, and it is too late now to enforce its execution even if a court has power to do so. The referee and the court have in effect decided that he did not wantonly or corruptly or capriciously refuse to sign, and we cannot disturb that decision. Apart from that, there were such reasons for rejecting the contract, that it is at least questionable whether the court could have said that Murray was wrong in withholding his signature.

There were various other points upon which liabilities against Murray are claimed; all, however, determined in his favor on evidence which is conflicting. We, of course, cannot alter such decisions.

The parties, Stuart and Murray, treat this case as if it were between themselves, and ask for judgment against each other in various matters. The trustees may not mix their personal claims against or with each other in this matter.

It is claimed that Murray advanced to the company certain moneys of the firm of Stuart & Murray of which $3,281.91 remains due. If this is so the company owed Stuart & Murray that amount. The partnership of Stuart & Murray has been settled in court. *Stuart v. Murray,* 70 Colo. 449, 202 Pac. 179. If these are facts this claim was an asset of that firm and should have been administered there, and presumably was, and the referee and the court have found that the matter, so far as the partners are concerned, has been adjudicated. We think, however, that this item, if it was not actually taken into the accounting of the firm, and if it is a valid claim and still collectable from the corporation, may be divided equally between Stuart and Murray; but Stuart cannot have a judgment against Murray for it or any part of it in this proceeding.

Stuart claims he was entitled to a jury. We cannot see how. A jury could not make the accounting. The various claims for damages urged by Stuart proper for consideration here are all claims of the company against Murray, or of the trust against Murray. The damage, if any, caused by Murray, was done to the company's property and not to Stuart's property. No action accrued to Stuart thereby. So far as the trust is concerned they are settled by the findings of the referee and by the decree; so far as the corporation is concerned they should be settled. The court must determine whether any of these claims shall be allowed, and if and when they are allowed the damages will merely swell the sum for final distribution. It is, of course, the duty of the receiver to collect these claims and all

others against Murray or Stuart, or any one else, if, in his judgment, under the advice of the court, he thinks them just and collectable. If any of these claims come to a trial the court will grant a jury or not as the law requires. Whether these claims or any of them, are subject to the statute of limitations or any other defense will appear when they are tried. We cannot determine it now.

Notwithstanding the fact that we were compelled to strike defendant Stuart's application for rehearing, when this case was last before us, for its "intemperate and abusive language" (71 Colo. 282, 206 Pac. 386), we have been greatly hampered and annoyed in the instant case by unseemly personalities in the briefs, particularly in those of plaintiff in error, so filled are they with scurrilous and improper matter. Some of this is directed against judges and other persons unconcerned in the present case. This has doubled our labors without serving any legitimate purpose and tends not to help, but to hinder a right decision. For reasons not here necessary to mention we have elected to overlook this matter for the present, save to say that the patience of the court is exhausted and the offence must not be repeated.

The judgment of the court below is modified to this extent, that the debts and credits of the corporation before its expiration, must be settled, as herein indicated; otherwise, the decree is affirmed, the cause is remanded for further proceedings not inconsistent herewith. The costs upon this writ in this court are to be borne one-half by the plaintiff in error and one-half by defendants in error.

*On Rehearing.*

PER CURIAM.

We thought and still think that our opinion was and is clear and explicit, but since both parties seem to find it otherwise, we say again that the *decree is affirmed,* except that the debts and credits of the corporation *before its expiration,* if any remain unsettled, must be settled. Since these matters were rejected from the consideration of the

district court we do not know whether any such debts or credits exist, and therefore cannot affirm the decree unqualifiedly.

Rehearing denied.