## No. 11,533.

### ROTHROCK *v.* HAMLIN.

Decided February 28, 1927.    Rehearing denied March 21. 1927.

Action for accounting.   Judgment for defendant.

#### *Affirmed.*

1. PARTNERSHIP—*Attorneys—Dissolution—Settlement.* As to the completion of unfinished business after the dissolution of a law partnership by mutual consent, the rules applicable to the duties of remaining partners in a purely commercial concern do not apply. In such case the proportion of the whole fee earned is determined by the proportion of the whole work done.

2. PARTIES—*Demands—Effect.* A plaintiff is bound by his demands, preferred and pleaded.

3. APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

4. PARTNERSHIPS—*Attorneys—Non-legal Income.* Where a member of a law firm is engaged in lucrative activities other than the practice of the law, in an accounting after dissolution, the burden of showing such non-legal income was included in the assets of the firm is upon the party alleging it.

*Error to the District Court of El Paso County, Hon. Julian H. Moore, Judge.*

Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, Mr. JOHN PERSHING, for plaintiff in error.

Mr. H. J. McCoy, Mr. J. L. BENNETT, Mr. JOHN A. CARRUTHERS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was plaintiff, and defendant in error was defendant, in the trial court, and we hereinafter so refer to them. April 1, 1916, they formed a partnership for the practice of law with offices in Colorado Springs. This partnership was dissolved October 1, 1922, at the request of defendant, but by mutual agreement. Almost two years later plaintiff sued for an accounting, claiming more than $20,000. Defendant denied and set up a counterclaim of approximately $2,000. Trial was to the court, whose findings were, in the main, for defendant. Certain minor claims of plaintiff were sustained in part and judgment was entered against him for a balance of $440.03. To review that judgment he prosecutes this writ.

Propriety might sanction, but necessity does not demand, an extended opinion herein. When two questions are answered the cause is disposed of: (1) Did the court err as to a rule of law? (2) Was the judgment supported by the evidence?

1. Certain matters in which the partnership was employed had not been closed at the date of its dissolution. They were thereafter concluded by defendant. Plaintiff now says defendant was entitled to collect for that service only what it was worth to the firm, whereas the court awarded him what it was worth to the client. For illustration: The principal fee in dispute was $50,000 in "The Reed-Mayo case." A "retainer" of $5,000 was paid and divided; $45,000 was collected and retained by defendant, because, as he claims, he performed at least nine-tenths of the work after the dissolution. But plain-

tiff says, even so, the value of that work to the firm did not exceed one-fourth the total fee, and the remainder was a profit to be divided equally. We cannot sanction the rule. It is generally applicable in mercantile, but not in professional, transactions. The skill, industry, and loyalty of physicians and lawyers are not to be treated as goods bought at a price and sold at a profit measured by the market. They are services furnished to patient or client at their value, presumably the same to him who gives and him who takes. This rule we have laid down in case of voluntary withdrawal of one partner from a law business. *Stuart v. Murray,* 70 Colo. 449, 202 Pac. 179. We fail to see the distinction between such cases and those of dissolution by mutual agreement as here. *Lamb v. Wilson, et al.* 3 Neb. (Unof.) 496, 92 N. W. 167. We are unable to agree with *Felt, et al. v. Mitchell,* 44 Ind. App. 96, 88 N. E. 723, and other cases, so far as they appear to hold to the contrary.

It is pertinent to add that were the rule otherwise it would not avail this plaintiff. He is bound by his demands, preferred and pleaded. He first made these claims in a letter to defendant, written almost five months after the termination of the partnership, and introduced in evidence. Therein he expressly based his alleged rights on the proportion of services performed before and after the dissolution. In pleading he did the same. We quote from his complaint: ''That at least three-fourths of the services rendered Mrs. Verner Z. Reed and said Margery Reed Mayo in said matters were rendered prior to the first of October, 1922, and that plaintiff is entitled to receive one-half of three-quarters of the total fees paid defendant in said matters * * *.'' Having prayed for one-half only of such portion of the total fee as the services performed for the clients prior to dissolution bore to the whole services performed, he cannot have judgment under a different rule when the court finds against him on the proportion.

2.  It is said the evidence does not support the judgment.  We think otherwise.  No good purpose can be served by detailing that evidence here.  The trial court found specifically on the several items and it is sufficient now to say that where there is any evidence to the contrary it is conflicting, hence the judgment cannot be disturbed.

Certain fees in dispute were paid for work outside the usual limits of a law partnership.  It is admitted that upon the formation of this one it was understood that defendant was engaged in many remunerative activities other than the practice of law, the gains whereof were not to be joint property.  The question arose, Were these particular fees which were of that class included by specific agreement or inferentially by the conduct of the partners?  The burden of proving inclusion, as to such non-legal business, was properly placed upon plaintiff and he did not sustain it.

The foregoing covers all that need be said concerning the four principal transactions in dispute in this litigation and the only ones requiring consideration.

The judgment is affirmed.

Mr. Justice Campbell not participating.