## JUSTICE v. LAIRY ET AL.

[No. 2,399.     Filed February 15, 1898.]

ATTORNEYS. — *Dissolution of Partnership.*—The acceptance of the office of circuit judge by a member of a law firm effects a dissolution of such firm, and it is immaterial as affecting the question of dissolution, whether or not the other member consented to such withdrawal. *p. 276.*

SAME.—*Division of Fees after Dissolution of Firm.*—Where a member of a law firm has severed his connection with the firm by accepting the office of circuit judge, a contract of employment of such firm in pending business is of a divisible nature, under which a recovery may be had for services of which the client has already had the benefit, but such person can have no interest in any fees for services rendered by the remaining member of the firm in concluding that particular business. *p. 280.*

From the Cass Circuit Court.     *Reversed.*

*A. C. Harris* and *D. C. Justice,* for appellant.

*S. T. McConnell* and *A. G. Jenkins,* for appellees.

ROBINSON, C. J.—Appellant filed an itemized claim for attorney fees in a certain ditch proceeding asking an allowance for services in such proceeding from June 6, 1895, to March 26, 1896, in the sum of $180.00.     At the same time a claim was filed by Justice & Lairy for fees for services in the same ditch proceeding in the sum of $65.00.     Appellant and appellee composed the firm of Justice & Lairy.     Appellee filed written objections to the allowance of any claim to appellant individually on the ground that the services rendered by appellant were rendered in behalf of Justice & Lairy who were partners in the closing up of said ditch proceedings which were begun by said firm before its dissolution; that appellee was employed by the petitioners in said proceedings who were his clients, and that he did individually a large share of the work in said proceedings during the existence of

said firm and whatever services were rendered by said Justice individually were simply and only rendered in completing work which the firm was employed to do and had begun during said partnership, and asked that whatever sum be allowed to Justice & Lairy be to the firm of Justice & Lairy. A motion to strike out the objections was overruled and upon issue joined the court made a special finding of the facts with conclusions of law.

It appears from the special finding that on the 1st day of June, 1893, appellant and appellee entered into a partnership in the practice of law by written articles of partnership, by these articles each partner was to devote his time and talents to the firm and the receipts and expenses were to be apportioned in a prescribed manner, that said partnership continued until the evening of March 30, 1895, when appellee was appointed circuit judge by the Governor to fill an unexpired term, and on April 1, 1895, appellee qualified as such circuit judge and from that time until November 2, 1896, filled said office and discharged the functions thereof; that the petitioner Baldwin employed said firm of Justice & Lairy to prepare the necessary papers and documents and prosecute the proceeding for the construction of the ditch in controversy, which proceeding was instituted on the — day of — 1894; that whatever work was done in said proceeding during the continuance of said partnership was done by said Lairy for and on behalf of said firm; that after the dissolution of said firm appellant carried on and completed the said ditch proceedings without the assistance of said Lairy, and without any agreement having been entered into between appellant and appellee as to what if any compensation appellant should receive individually for his said serv-

ices rendered or to be rendered after the dissolution of said firm and without anything having been said between them on the subject, and no new or other agreement was made between the parties to conduct and prosecute said proceeding, and that appellant rendered said services without anything having been said by or to appellee on the subject, and without anything having been said by or to said Baldwin on the subject; that the total amount of attorney fee due and unpaid on account of such services rendered under such employment of the firm of Justice & Lairy is $245.00.

The court stated its conclusions of law and order as follows: "Upon the foregoing facts the court concludes as a matter of law that the firm of Justice & Lairy was dissolved by the voluntary abandonment thereof by said Lairy, and that said Justice would be entitled to recover reasonable compensation for services by him rendered in such case after such dissolution in a proceeding for an accounting between such partners; that under the issue in this case the court is not authorized to make such accounting or fix the amount of such compensation; that the said objections of Moses B. Lairy and his said motion should be sustained, and that the entire allowance should be made to Justice & Lairy. It is therefore ordered and adjudged by the court that the objections and motion of Moses B. Lairy to the claim by Dewitt C. Justice be sustained and that the firm of Justice & Lairy be allowed the sum of $245.00, and that the drainage commissioner pay said sum to the clerk of this court to be paid out as may be hereafter ordered by the court."

Appellant excepted to the conclusions of law, and moved the court to make the findings more specific so as to show that the $180.00 embraces only the

services rendered by appellant after the dissolution of the partnership and that the court separate the amount of total compensation so as to show that $65.00 was earned by the firm while in existence, and the $180.00 earned by appellant individually after the firm dissolved. This motion was overruled and exception taken. Appellant then moved for a *venire de novo,* because the finding did not cover all the issues and was ambiguous, which motion was overruled. Appellant moved for a new trial on the ground that the finding was not sustained by sufficient evidence and that the court failed to find the value of the services rendered by the firm, or the value of the services rendered by appellant after the dissolution, and failed to separate the items constituting the allowance of $245.00 so as to show that $65.00 was for services rendered by the firm, and $180.00 for the individual services of appellant.

The errors assigned are, the conclusions of law on the facts found, and the overruling of the motion for a further finding of the facts, and the motion for a new trial.

The record recites that the claim for $65.00 was not contested, and that upon the trial of the claim for $180.00 and the objections of appellee, appellant testified that when the partnership was dissolved, on April 1, 1895, by appellee accepting the office of circuit judge, the partnership sign was removed, appellee's furniture taken from the office, and that appellant did no business after that date on partnership account; that the bill for $180.00 is for individual services of appellant after the dissolution; that the partnership was never renewed; that when the services were rendered embraced in the bill for $180.00, appellee was filling the office of circuit judge; that the services were charged on appellant's individual ac-

count book; that each item charged in the bill is for the individual labor of appellant. There was no other or different evidence given concerning the claim for $180.00.

The only question to the determined on this appeal is whether appellee has any interest in the $180.00.

The partnership was dissolved the moment appellee accepted the office of judge of the circuit court. Whether or not appellant consented to appellee's withdrawal from the firm is not material. As expressed by the trial court the firm "was dissolved by the voluntary abandonment thereof" by appellee. Appellee voluntarily incapacitated himself from rendering any further professional services in the case. While holding the office of circuit judge he could neither directly nor indirectly practice law in any of the courts of the State, nor give counsel or advice in relation to any business in such courts. Section 2106, Burns' R. S. 1894.

It seems to be the settled rule that when an attorney, without cause, abandons an employment which he has been retained generally to conduct to its determination he cannot recover for any services which he has rendered. But if the employment is terminated by the combined act of the attorney and client the attorney may recover for services actually rendered. 3 Am. and Eng. Ency. of Law (2d ed.) 429.

In the case at bar the relation of attorney and client, so far as concerned appellee, was terminated by operation of law, but appellee would be entitled to compensation for services rendered by him in the case up to the time of his incapacity to practice. 3 Am. and Eng. Ency. of Law; *supra. Baird* v. *Ratcliff*, 10 Texas 81.

It needs no citation of authorities to the effect that as a general rule in an ordinary partnership a partner

is not entitled to compensation for services rendered in closing up partnership business, and that in the absence of a contract one partner who does a larger share of the work than his copartner cannot recover compensation for such extra work. The large number of cases cited by counsel for appellee in support of the above rules are cases involving some kind of mercantile associations. But we do not think the rules governing such associations are controlling in all respects in law partnerships. Thus it is said that a law partnership does not confer on any of the partners the extensive powers of mercantile associations, as in binding each other in the ordinary course of business by bills of exchange and like matters. Weeks on Attorneys at Law, section 244. See *Osment* v. *McElrath*, 68 Cal. 466, 58 Am. Rep. 17, 9 Pac. 731; *Starr* v. *Case*, 59 Iowa 491, 13 N. W. 645.

And there are exceptions to the above rules concerning compensation in commercial partnerships, as where a surviving partner carries on the partnership business in order to complete the enterprise in which the partnership is engaged, he will be allowed compensation. 17 Am. and Eng. Ency. of Law 1183, and cases there cited. The reason for the rule that no compensation is allowed a surviving partner in closing up the business is based upon an implied, if not expressed, agreement that should the partnership be terminated by some involuntary event, the other will close up the business for the benefit of both. Each partner necessarily incurs such risks with reference to which the partnership contract was made. But in the case at bar, aside from the fact that the incapacity to continue in the case was self-imposed by appellee, there was no value in the unfinished case to an attorney, except the value of professional services to be rendered. Whether it should have any value

depended entirely upon the professional skill of the attorney rendering the services. So that the reason for the rule that no compensation is allowed a surviving partner cannot be said to apply in all respects to a professional partnership.

In the case at bar the law, by the voluntary act of appellee, terminated the relation of attorney and client. Appellee was powerless to make any further contract with his client. By his own act he placed himself in a position where he could render his client no further service whatever. He could receive no further fees either directly or indirectly. He severed his connection with the case absolutely and lost any right to any fees in the case under his original employment from that time on. Had but one claim been filed for the total amount of fees a very different question would be presented. But there is no controversy that the record determines the value of the firm's services before the dissolution, and the value of appellant's services after the dissolution. Under the evidence the trial court was not asked to make any accounting between the partners.

It appears that the services of appellant in the case, after the dissolution, were rendered while appellee was a circuit judge. Had appellant, after the dissolution, mismanaged the business to the client's damage, can it be said that appellee would be jointly liable in damages with appellant? It certainly cannot be said that a person who is absolutely inhibited from assisting, either directly or indirectly, in doing an act, must answer in damages where the act without his knowledge or consent is negligently done to another's damage.

It is argued by appellee's learned counsel that when appellee left the firm he left its good will with appellant, and it is just to presume that it had consider-

able value. Admitting this to be true, it could be a proper item only in an accounting between the partners with which we have nothing to do in this case. It is not disputed that the services of the firm up to the dissolution were worth $65.00. As the record comes to us we must conclude they were worth that much and no more. We have nothing to do in this case with how that shall be divided between the partners; nor is it an adjudication of any partnership accounts to direct the $180.00 to be paid to the only person to whom it has ever belonged.

In the case of *Denver* v. *Roane*, 99 U. S. 355, it was not expressly decided whether a different rule should apply to the winding up of the business of a law firm, as the partners had agreed on the manner of closing up the business. It appeared that in that case one member of the firm, Judge Hughes, in one of the firm cases (Lamar vs. United States), withdrew his appearance, and had his name erased from the docket as an attorney in the case, because he thought it was a corrupt one, and took no further part in prosecuting the claim, and paid no further attention to it. The remaining members of the firm prosecuted the suit to a successful ending. After Hughes' death the executor of his will brought suit for a discovery, and to recover from the surviving partners the share of the testator in the fees received by them out of the partnership business which remained unfinished when the general partnership was dissolved. In holding that the executor could not recover any part of the fee in that particular case (Lamar v. United States), the court said: "If, then, by abandoning the case and denouncing it as fraudulent, he lost all the right which he had against Lamar, how can he claim from his copartners any of the compensation they obtained for conducting the case after his abandon-

ment, to final success?  His action was a breach of his duty to those partners, as well as of his obligation to Lamar.  By this agreement of copartnership he had undertaken to share in the labor, and to promote the common interests of the firm, and that was the foundation of his right to share its earnings."

While we are not declaring that a different rule should in every instance be applied in closing up the business of a law firm from that applied in other partnerships, yet there are sound reasons for holding that when an attorney at law who is a member of a law firm becomes a judge of a circuit or other court, at that instant the partnership is dissolved, and that a contract of employment in pending business in such a case is of a divisible nature, under which a recovery may be had for services of which the client has already had the benefit, but that such a person can have no interest in any fees for services rendered by the remaining member of the firm in concluding that particular business.  Appellee took the office of circuit judge with its burdens, one of which was that he should cease absolutely to practice law.  The only basis upon which his right to a portion of the after earned fee could rest would be that he still retained some interest in the firm, and that the statute does not permit.  This is not a case where the remaining member of the firm rendered professional services in collecting a fee which the firm had earned before the dissolution.  Under the evidence the court should have directed the $180.00 to be paid to appellant by the drainage commissioner.

Judgment reversed, with instructions to the circuit court to sustain appellant's motion for a new trial.