HAHN, RESPONDENT, *v.* JAMES ET AL., APPELLANTS.

(No. 1,537.)

(Submitted October 28, 1901. Decided October 29, 1901.)

*Appeal—Undertaking on Appeal—Failure to File—Subsequent Filing in Supreme Court—Sufficiency.*

Code of Civil Procedure, Sec. 1740, providing that no appeal shall be dismissed for insufficiency of the undertaking, if a good undertaking approved by a justice of the supreme court be filed before the hearing on motion to dismiss the appeal, refers only to a case where an insufficient undertaking has been filed in trial court, and does not embrace a case where no undertaking whatever has been filed within the time limited by law.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Frank Hahn against John W. James and Leon Beaudry. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Motion to dismiss the appeal from the order denying a new trial. Motion granted.

*Messrs. Walsh & James,* for Appellants.

*Mr. N. P. Napton,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

The respondent moves the dismissal of the purported appeal from the order denying the motion for a new trial for the reason that an undertaking to effectuate the appeal was not filed with the clerk of the district court wherein the action was tried.

From the record it appears that on February 21, 1900, the appellants filed and served their notice of appeal from a judgment entered September 30, 1899, and from an order denying their motion for a new trial, entered February 7, 1900, and that they filed an undertaking to perfect the appeal from the judgment. The undertaking made no reference whatever to the order refusing a new trial, nor has there been filed with the clerk of the court below any undertaking on appeal from such order. It does not appear that a deposit was made in lieu of the undertaking required, nor is it shown that the respondent waived the giving of such an undertaking.

In the absence of a waiver or of a deposit of money, to perfect an appeal the undertaking must be filed within the time limited by the statute; an omission in this regard renders the attempted appeal wholly ineffectual. (*Hines* v. *Carl,* 22 Mont. 501, 57 Pac. 88.) Upon the authority of *Hurley* v. *O'Neill,* 24 Montana, 293, 61 Pacific Reporter, 658, the motion must be granted.

On October 18, 1901, and before the hearing upon this motion, the appellants filed with the clerk of this court an under-

taking on appeal from the order denying a new trial, approved by the chief justice; and the appellants suggest that the motion should therefore be denied. Section 1740 of the Code of Civil Procedure provides that "no appeal can be dismissed for insufficiency of the undertaking thereon, if a good and sufficient undertaking approved by a justice of the supreme court, be filed in the supreme court before the hearing upon motion to dismiss the appeal." This section permits a new undertaking to be approved and filed when one was filed in the court below which is, or is deemed to be, insufficient, and has no reference to cases where there was no undertaking filed or where the undertaking was for any reason void. To allow the undertaking which was filed on October 18 to perform the function of an undertaking which should have been, but was not, filed in the court below, would be to permit an appeal to be effectuated after the time prescribed by statute. In respect of this matter the case is governed by *Creek* v. *Bozeman Waterworks Co.,* 22 Montana, 327, 330, 56 Pacific Reporter, 362.

The appeal from the order denying the motion for a new trial is dismissed for want of jurisdiction.

*Dismissed.*