JOHNSON COUNTY SAVINGS BANK, APPELLANT, *v.*
JOE KLAFFKI COMPANY, RESPONDENT.

(No. 1,782.)

(Submitted March 25, 1902.    Decided March 27, 1902.)

*Appeal—Undertaking on Appeal—Time of Filing—Notice of*
*Appeal—Service by Mail.*

1.    Under Code of Civil Procedure, Sec. 1724, an undertaking on appeal—
       unless waived—must befiled within five days of the service of the notice
       on the adverse party, and not within five days from the filing of the notice
       with the clerk, if the filing occurs after the date of such service.
2.    The time of filing the undertaking on appeal is not extended by the pro-
       visions of Section 1833 of the Code of Civil Procedure, in a case in which
       the appellee resides at a distance and service of the notice of appeal is
       made through the mails.

*Appeal from District Court, Silver Bow County; J. B. Mc-*
*Clernan, Judge.*

ACTION by the Johnson County Savings Bank against the
Joe Klaffki Company.    Judgment was rendered in favor of
defendant, and plaintiff appeals.    Motion to dismiss appeal
sustained.

*Messrs. Busch & Kremer,* for Appellant.

*Mr. J. W. Stanton,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Motion to dismiss appeal.    On December 11, 1901, the
plaintiff served the defendant with notice of appeal from a
judgment, and on December 19, 1901, caused the same to be
filed in the office of the clerk of the court below.    On the day
last mentioned the plaintiff caused to be filed an undertaking
on appeal.    The respondent moves a dismissal upon the ground
that the undertaking was not filed within five days after the

service of the notice of appeal. In opposition to the motion the appellant contends that since the undertaking was filed on the same day the notice was filed, though more than five days after its service upon the respondent, the appellant complied with Section 1724 of the Code of Civil Procedure, providing: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing." Counsel argue that the section requires service of the notice of appeal upon the clerk as well as upon the adverse party; that filing with the clerk is serving that officer; and that the undertaking, having been filed within five days after service of the notice upon the clerk, was in time. They assert that the language of the statute contemplates service upon the clerk, calling particular attention to the words: "The order of service is immaterial." The contention is without merit. Between the *filing* of a notice with the clerk, and the *serving* of it upon him, there is a broad distinction, as was pointed out in *Territory v. Hanna,* 5 Montana Reports, 246, 5 Pacific Reporter, 250. Filing the notice with the clerk is one thing. Serving it upon him is another and a different thing. The reason why the words last quoted were inserted into the statute appears from a consideration of the former law, which omitted them. (Sections 370, 381, Codified Statutes 1871-72, pp. 107, 110.) It was then necessary that the filing should have preceded or been contemporaneous with the service upon the adverse party (*Hastings v. Halleck,* 10 Cal. 31; *Buffendeau v. Edmondson,* 24 Cal. 95), and, if the filing was subsequent to the service, no appeal was taken. The addition to the statute of the sentence quoted was for the purpose of permitting the notice to be served either before or after the filing,—in other words,

under the present statute, the order of the service and the filing of the notice is immaterial. Whether both must be on the same day, we do not decide. It is of no consequence which is done first. This is obvious. The matter is somewhat discussed in Hayne on New Trial and Appeal, Section 210, Subd. 2.

Appellant's counsel advance another argument against the granting of the motion to dismiss. They say that service of the notice of appeal was by mail,—appellant's counsel residing at Butte, and respondent's counsel at Great Falls, 172 miles distant,—and that the time within which the appellant was required to file the undertaking was extended one day for every twenty-five miles of distance between the two places. They invoke the provisions of Section 1833 of the Code of Civil Procedure providing that service by mail is complete at the time the notice or other paper is deposited in the postoffice, addressed to the person on whom it is to be served, at his office or place of residence, postage paid, "but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address." Assuming the facts to be as asserted by counsel, it is enough to say that the respondent—the party served with the notice—is the adverse party. Under Section 1833, the party serving a notice can never be a party adverse to himself. (*Brown* v. *Green*, 65 Cal. 221, 3 Pac. 811.)

The undertaking on appeal was not filed within five days after service of the notice of appeal, and the respondent has not waived his right to move a dismissal. Upon the authority of *Hines* v. *Carl*, 22 Montana Reports, 501, 57 Pacific Reporter, 88, and cases there cited, the motion is granted, and the appeal is dismissed.

*Dismissed.*