CLARKE, Receiver, Respondent, *v.* SWARTZ, Appellant.

(No. 6,643.)

(Submitted February 12, 1930. Decided February 15, 1930.)

[285 Pac. 177.]

2

*Mr. Walter Aitken,* for Respondent, submitted a brief in support of his motion to dismiss the appeal.

*Mr. Harlow Pease,* for Appellant, submitted a brief in opposition of above motion.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This case is before us on a motion to dismiss the appeal. On November 13, 1929, counsel for appellant served counsel for respondent with notice of appeal from the judgment, and on November 21, 1929, caused the same to be filed in the office of the clerk of the district court with an undertaking on appeal.

"Appeals are matters of statutory regulation. There must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court." (*Territory* v. *Hanna,* 5 Mont. 246, 5 Pac. 250, 251; *State* v. *Gibbs,* 10 Mont. 210, 25 Pac. 288; *State* v. *Northrup,* 13 Mont. 522, 35 Pac. 228; *State* v. *Black,* 15 Mont. 143, 38 Pac. 674; *Kline* v. *Murray,* 79 Mont.

530, 257 Pac. 465; *State ex rel. Gregory* v. *District Court,* 86 Mont. 396, 284 Pac. 537.)

Section 9733, Revised Codes, 1921, provides: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of the service is immaterial, but the appeal is ineffectual for any purpose unless, within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

In the case at bar, the undertaking was not filed within five days after service of the notice of appeal, nor was there a deposit of money in lieu thereof, nor was the undertaking waived by the respondent in writing.

*Johnson County Sav. Bank* v. *Joe Klaffki Co.,* 26 Mont. 384, 68 Pac. 410, is directly in point. In that case it was held, upon similar conditions, and upon the identical statute, that the undertaking on appeal must be filed within five days after the service of the notice on the adverse party, and not within five days from the filing of the notice with the clerk, if the filing occurs after the date of such service.

In *Hahn* v. *James,* 26 Mont. 50, 66 Pac. 463, it is said: "In the absence of a waiver or of a deposit of money, to perfect an appeal the undertaking must be filed within the time limited by the statute. An omission in this regard renders the attempted appeal wholly ineffectual. (*Hines* v. *Carl,* 22 Mont. 501, 57 Pac. 88.)" The California cases upon a similar statute are to the same effect. (See 2 Cal. Jur. 378, 379.)

It is true that a substantial compliance with the statute is all that is required and that the law favors the right of appeal (*Morin* v. *Wells,* 30 Mont. 76, 75 Pac. 688; *Krause* v. *Insurance Co. of North America,* 73 Mont. 169, 235 Pac. 406; *State ex rel. Stephens* v. *Keaster,* 82 Mont. 126, 266 Pac. 387), but, under the rule of liberal construction, we cannot go so far as to eliminate the positive requirement of the statute that "the

appeal is ineffectual for any purpose unless, within five days after the service of the notice of appeal, an undertaking be filed."

The motion must be sustained, and it is so ordered.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN. concur.