ENDRESSE, Appellant, *v.* VAN VLEET et al., Respondents.

No. 8623

Submitted Feb. 26, 1946. Decided March 30, 1946.

169 Pac. (2d) 719

Mr. Harlow Pease, of Butte, for appellant.
No appearance for respondent.

MR. JUSTICE ADAIR delivered the opinion of the court.

On August 21, 1943, plaintiff commenced this action against the defendants W. M. Van Fleet, Carl Coffman, Robert Vogel and others to recover for labor and materials alleged to have been supplied on certain real property and to foreclosing an alleged mechanic's lien on such realty.

On September 7, 1943, the defendants Van Vleet, Coffman and Vogel appeared in the action by and through their attorney at law, R. Lewis Brown, Esq., and interposed a demurrer to plaintiff's complaint. Thereafter the demurrer was overruled and defendants answered. Plaintiff demurred to the answer, which demurrer was overruled, whereupon plaintiff filed a reply.

The cause, being at issue, was tried to the court on the 24th and 28th days of July, 1944, and on December 13, 1944, the trial court made and filed its written findings of fact and conclusions of law. Thereafter on January 13, 1945, the trial court made and entered its judgment for plaintiff in the sum of $397.27 plus costs in the amount of $44 but denied plaintiff's prayer for foreclosure of the alleged mechanic's lien and by reason of such denial, awarded the defendants Van Vleet and Coffman the sum of $100 as a fee for defendants' attorney in the action.

The proposed bills of exceptions prepared by plaintiff were served upon R. Lewis Brown, Esq., as attorney for defendants and he, as such attorney, admitted service for and on behalf of defendants of one of the proposed bills on January 17, 1945, and of the second proposed bill on February 23, 1945.

On July 11, 1945, plaintiff filed with the clerk of the trial court a notice of appeal from a specific part of the judgment. The notice of appeal is signed by the attorney for the plaintiff, dated July 11, 1945, and is directed to the defendants W. M. Van Vleet and Carl Coffman. Filed with the notice of appeal is an affidavit subscribed and sworn to by plaintiff's attorney on July 11, 1945, which, omitting the formal parts thereof, recites:

"I am the attorney of record for the plaintiff herein. The attorney, appearing jointly for the defendants W. M. Van Vleet and Carl Coffman heretofore, was R. Lewis Brown, Esq., and said counsel last named has ceased to be the attorney of the said defendants by reason of having been appointed and confirmed to the office of Judge of the United States District Court for the District of Montana, in which office the said counsel is now incumbent and acting, and no other attorney has been substituted for said R. Lewis Brown, Esq., and no attorney is now appearing in this action for the two said defendants Van Vleet and Coffman. Both said Van Vleet and said Coffman reside out of the State of Montana. On May 26, 1945, pursuant to section 9783 of the Montana Codes, I

served the foregoing notice of appeal by delivering a true copy thereof to the Clerk of the above-entitled Court.''

A party to an action may appear therein in his own proper person or by attorney but he cannot do both. Here the defendants Van Vleet and Coffman elected to and they did, on September 7, 1943, appear in the action by their attorney at law, R. Lewis Brown, Esq., who thereby became their attorney of record in the action and who continuously thereafter represented defendants in each stage of the action in the District Court, including the trial of the cause and the settlement of the two bills of exception served subsequent to the entry of judgment herein.

A party having an attorney of record in an action must be heard in court through such attorney and the court has no power or authority of law to recognize anyone in the conduct or disposition of the case except the attorneys of record therein.

Even death of a party to an action does not revoke the authority of his attorney of record in such action, ''but the authority of the attorney is continued in all respects the same and with like effect as it was prior to the death of such party, until such attorney shall *withdraw* his appearance in said action * * * or some other attorney shall be *substituted* for him, or his authority shall be otherwise terminated, *and entry thereof made to appear in the record of such action or proceeding.''* (Emphasis ours.) Sec. 8974, Rev. Codes.

In the absence of any relation of the attorney to the subject of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action by complying with the provisions of sections 8975 and 8976, Revised Codes, but such change must be entered upon the minutes of the court or be upon order of the court after notice (sec. 8975 ) and thereafter written notice must be given to the adverse party of the change and substitution of a new attorney or of the appearance of the party in

person and, "Until then he [the adverse party] must recognize the former attorney." Sec. 8976, Rev. Codes.

As before stated, the affidavit made by plaintiff's attorney on July 11, 1945, states that the attorney appearing in the action for the defendants "has *ceased* to be the attorney of the said defendants by reason of having been appointed and confirmed to the office of Judge of the United States District Court." The assumption of the office of judge, ipso facto and by operation of law (Title 28, sec. 373, U. S. C. A.), effected a termination of the theretofore existing relation of attorney and client (Justice v. Lairy, 19 Ind. App. 272, 49 N. E. 459, 65 Am. St. Rep. 405) but there has been no substitution of any other attorney for the attorney who thus ceased to act as such and plaintiff was prohibited from taking any further proceedings against defendants without first complying with the requirements of section 8977, Revised Codes, which provides: "When an attorney * * * ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person." In 3 Cal. Jur., sec. 41, p. 632, concerning an identical section (286) of the California Code of Civil Procedure, it is said: "This section means no more than it plainly says, viz., that no proceedings may be had against a party, no judgment or order or other step be taken, until he appoints an attorney, unless the prescribed notice be first given."

In the case at bar the plaintiff failed to give to defendants the written notice prescribed by section 8977, Revised Codes, and, in violation of such statute, has attempted to perfect an appeal against defendants and is here attempting to take further proceedings against them. This the plaintiff may not do.

Secion 9733, Revised Codes, provides: "An appeal is taken by filing with the clerk of the court in which the judgment * * * appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving

a similar notice on the adverse party, or his attorney. * * * ''
The statute governing the service of the notice of appeal must
be complied with. The matter is not a mere technicality, but
it is jurisdictional.

The notice of appeal in this case was not served upon the
defendants W. M. Van Vleet or Carl Coffman, they being the
adverse parties, nor was it served upon their attorney.

While the express provision of the specific statute govern-
ing the perfection of appeals requires the serving of the notice
of appeal ''on the adverse party, or his attorney'' (sec. 9733,
Revised Codes), yet plaintiff contends that he complied
with such requirements when he delivered a copy of his
notice of appeal to the clerk of the trial court, relying
upon the general provisions of section 9783, Revised Codes,
but it will be observed that it is only when a non-resident
plaintiff or defendant ''has no attorney in the action'' that
''the service may be made on the clerk for him'' and that the
statute further expressly provides that ''in *all* cases where
a party has an attorney in the action * * * the service of
papers, when required, *must be upon* the attorney *instead
of the party,*'' with no exceptions other than are specified in
the statute. Sec. 9783, Rev. Codes. Here the defendants had
no attorney of record in the action who represented them on
their initial appearance in the suit, at the trial thereof, at the
time of judgment and for a considerable time thereafter and
who ceased to act as such attorney only upon taking the office
of judge of the federal district court. In such cases wherein
a plaintiff or a defendant has appeared in an action by a duly
licensed attorney at law and thereafter such attorney of record
''dies, or is removed or suspended, or *ceases to act as such*''
then and thereupon the adverse party is required to proceed
under section 8977, Revised Codes enacted to cover the exact
situation where the attorney of record for a party ''ceases to
act as such'' and until the adverse party has fully complied
with the requirements of such statute, no further proceedings
may be had against the party whose attorney dies, or is re-

moved or suspended or ceases to act as such. In such case the party attempting to proceed further may not elect to comply with the provisions of section 9783 Revised Codes, which are inapplicable and omit to comply with the requirements of section 8977, Revised Codes.

It is elementary that the first question which must be determined by a court in every case is that of jurisdiction. Fitzpatrick v. Sonoma County, 97 Cal. App. 588, 276 Pac. 113; Welsh v. Koch, 4 Cal. App. 571, 88 Pac. 604. In fact it is the duty of a court to examine its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction. William v. Sherman, 36 Idaho 494, 212 Pac. 971; McNee v. Hart, 117 Okl. 220, 246 Pac. 373; Kramer v. Pixton, 72 Utah 1, 268 Pac. 1029, 1031; Luckenbach v. Krempel, 188 Cal. 175, 204 Pac. 591; Kreiss v. Hotaling, 96 Cal. 617, 31 Pac. 740.

"The methods of taking appeals, being statutory and jurisdictional, must be followed, in order to give this court jurisdiction to entertain the appeal." Featherman v. Granite County, 28 Mont. 462, 464, 72 Pac. 972, 973. "The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court." Clarke v. Swartz, 87 Mont. 1, 285 Pac. 177, 178.

The defendants Van Vleet and Coffman have made no appearance of any kind in this court nor has the plaintiff brought them within our jurisdiction.

By reason of plaintiff's failure to comply with the requirements of sections 8977 and 9783, Revised Codes, this court is without jurisdiction to entertain the appeal and same is ordered dismissed.

Mr. Chief Justice Johnson and Associate Justices Morris, Cheadle and Angstman, concur.

Rehearing denied June 27th, 1946.