590

McLEOD, Appellant, *v.* McLEOD, et al., Respondents.
No. 8991.
Submitted March 8, 1951. Decided March 20, 1951.
228 Pac. (2d) 965.

Mr. Theodore F. McFadden and Mr. Leonard A. Schulz, Dillon, for appellant.

Messrs. Gibson, Fitzgerald and Bodine, Livingston, for Fahlgren.

Mr. Schulz and Mr. Fred L. Gibson argued orally.

MR. CHIEF JUSTICE ADAIR:

On respondent's motion to dismiss the appeal. On September 16, 1949, Victoria H. McLeod, as party plaintiff, brought this action in the district court of Beaverhead county against William C. McLeod and Norman C. Fahlgren, as parties defendant, seeking to quiet title to an undivided one-half interest by her claimed in certain real and personal property located in Beaverhead county and in certain real and personal property located in Park county, Montana.

On September 17, 1949, summons and complaint in the action were served on the defendant William C. McLeod who on October 6, 1949, by his attorney, filed in the action (1) a motion for change of venue, (2) a notice thereof, (3) an affidavit of merits, (4) a demand for change of venue, and (5) an affidavit showing the service of the foregoing papers on plaintiff's counsel. Thus was plaintiff's counsel advised that the defendant William C. McLeod had retained counsel who was appearing for him in the action. R. C. M. 1947, sec. 93-8505; Gravelin v. Porier, 77 Mont. 260, 274, 250 Pac. 823; Haggerty v. Sherburne Merc. Co., 120 Mont. 386, 395, 186 Pac. (2d) 884.

The defendant Fahlgren was served with process in Park county wherein he resides and on October 7, 1949, he appeared in the action through his attorneys by filing (1) a demurrer, (2) a motion for change of venue, (3) a notice thereof, (4) a demand for change of venue, (5) an affidavit of merits, and (6) an affidavit showing service of the foregoing papers on plaintiff's counsel. In such affidavit he disclaimed any interest in the real and personal property located in Beaverhead county and swore that he is in possession of the described real and personal property situate in Park county under a contract of purchase theretofore entered into with the plaintiff Victoria H. McLeod and the defendant William C. McLeod.

On October 8th plaintiff filed in the action a praecipe directing the clerk of court to enter the default of the defendant William C. McLeod, pursuant to which praecipe the clerk entered the default as directed. With a motion for change of

venue timely served and filed in the action by his retained attorney. McLeod was not in default. Paramount Publix Corp. v. Boucher, 93 Mont. 340, 347, 19 Pac. (2d) 223; Gravelin v. Porier, supra; 6 C. J. S., Appearances, sec. 12, pp. 29, 30, n. 9. To put an end to the taking of such defaults the 1937 Legislature enacted Chapter 8, Laws of 1937, amending sections 9127 and 9192, R. C. M. 1935. The amendment, now R. C. M. 1947, sections 93-3103 and 93-3910, designates a motion as a pleading and provides for the giving to the movant of time to further plead after the court makes its order or decision on his motion.

The defendant McLeod by his attorney interposed a motion to set aside the default and applied to the court for time to further plead and on October 17, 1949, the court granted his request for time to plead further and also allowed him time to file a brief in support of his motion to change the place of trial.

Thereafter the court made an order wherein it (1) denied the defendant McLeod's motion for a change of venue, (2) granted the like motion of the defendant Fahlgren, (3) ordered the cause transferred to Park county, and (4) declined to determine the defendant McLeod's motion to set aside the default. Thereupon the plaintiff served on Fahlgren's attorneys a notice of appeal directed "To Norman C. Fahlgren, one of the defendants above named, and to Messrs. Gibson, Fitzgerald and Bodine his attorneys," stating that plaintiff appeals from that part of the aforesaid order which granted Fahlgren's motion for change of place of trial and which ordered the cause transferred to Park county. The notice of appeal was neither directed to nor served on the defendant William C. McLeod nor his attorney. Thereafter the defendant Fahlgren filed in this court a motion to dismiss the appeal wherein he challenges the jurisdiction of this court to entertain the appeal because of appellant's failure to serve the defendant William C. McLeod with her notice of appeal.

An appeal is taken by filing with the clerk of court in which the order appealed from is entered, a notice stating the appeal from the same or some specific part thereof and

serving a similar notice on the adverse party or his attorney. R. C. M. 1947, sec. 93-8005. The statute governing the service of the notice of appeal must be complied with in order to give this court jurisdiction to entertain the appeal. In re Malick's Estate, Mont. 228 Pac. (2d) 963; Endresse v. Van Vleet, 118 Mont. 533, 538, 169 Pac. (2d) 719.

In civil actions one is named as a party in the title of the cause and being named as a defendant the trial court acquires jurisdiction when he is properly served with summons. Clinton v. Miller, Mont., 226 Pac. (2d) 487; Haggerty v. Sherburne Merc. Co., supra; State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 Pac. (2d) 1113; State ex rel. Duckworth v. District Court, 107 Mont. 97, 80 Pac. (2d) 367.

"Parties to an action are those who are named as such in the record and who are properly served with process or who enter their appearance in the action." Mitchell v. Banking Corporation of Montana, 81 Mont. 459, 466, 264 Pac. 127, 130.

William C. McLeod was named as a party defendant when this action was commenced. In the title of the complaint he is the defendant first named. He was duly served with summons. He has an attorney of record who has interposed motions on his behalf and who has been recognized by the trial court as representing the defendant McLeod's interests in the litigation.

In her complaint plaintiff avers that the described real and personal property located in Park county "is subject to a certain contract of sale and purchase * * wherein William C. McLeod and Victoria McLeod are Sellers and Norman C. Fahlgren is Buyer, and upon which contract the approximate sum of $38,700.00 is owing and unpaid."

Clearly the defendant William C. McLeod, whose application to change the place of trial from Beaverhead county was denied and who was allowed time to further plead, is a party whose rights and interests may be adversely affected by a reversal or modification of the order from which plaintiff has appealed and an adverse party upon whom a notice of appeal is required to be served. Reardon v. Gilligan, Mont., 202 Pac.

594

(2d) 242; Endresse v. Van Vleet, 118 Mont. 533, 169 Pac. (2d) 719.

Because of the failure to serve the notice of appeal on such adverse party this court is without jurisdiction to entertain the appeal and it is ordered dismissed.

MR. JUSTICES METCALF, BOTTOMLY, FREEBOURN, and ANGSTMAN concur.