FEY, ET AL., RESPONDENTS, *v.* A A OIL CORP., ET AL.,
APPELLANTS.
No. 9223.
Decided April 3, 1953.
255 Pac. (2d) 339.

Messrs. McCabe & McCabe, Great Falls, for appellants.
Mr. Louis P. Donovan, Shelby, for respondent.

MR. CHIEF JUSTICE ADAIR:

On September 7, 1948, the plaintiffs by their attorney Louis
P. Donovan, Esq., filed in the district court of Toole county,
Montana, the complaint herein, seeking to quiet title to ap-
proximately 9,265 acres of described lands in Toole county on
which oil had been discovered.

The defendants, appearing by their attorney E. J. McCabe,
Sr., interposed separate demurrers to the complaint and, upon
the overruling thereof, filed answers admitting certain allega-
tions of the complaint, denying those not admitted and affirma-
tively asserting rights and interests in the lands by virtue of
certain oil and gas leases theretofore executed by plaintiffs.

Issue being joined, the suit was tried at Shelby, Montana,

before the district judge sitting without a jury. At the commencement of the trial the name of Hans Walchli, Esq., was entered as associate counsel for defendants and he and E. J. McCabe, Sr., acted as counsel for defendants throughout the trial. After hearing the evidence the trial judge made written findings of fact and conclusions of law which he incorporated in a formal judgment given and entered on August 7, 1951, therein finding in favor of plaintiffs as to all the described lands except as to a single described 40-acre tract, on which the court found that certain defendants had a valid lease. Written notice of the entry of the judgment was addressed to and served upon E. J. McCabe, Sr., and Hans Walchli as attorneys for defendants and filed in the cause on the same date the judgment was entered.

At the times here involved, Louis P. Donovan, Esq., resided and maintained his law offices at Shelby, Montana; E. J. McCabe, Sr., resided and maintained his law offices at Great Falls, Montana, about 93 miles distant from Shelby, and Hans Walchli, Esq., resided and maintained his law offices at Kalispell, Montana, about 162 miles distant from Shelby.

E. J. McCabe, Sr., alone represented the defendants until the commencement of the trial at which time Mr. Walchli entered the cause. E. J. McCabe, Sr., conducted the trial of the cause on behalf of defendants with the advice of Mr. Walchli and following the entry of judgment E. J. McCabe, Sr., personally prepared written notice of appeal from such judgment and on Monday, February 4, 1952, he deposited such notice in the United States Post Office at Great Falls, Montana, mailing same to the clerk of the district court of Toole county, at Shelby, Montana, together with his affidavit stating that he had mailed a similar notice of appeal to plaintiffs' attorney, Louis P. Donovan, Esq., at Shelby, Montana, and that each letter was properly addressed with the postage thereon fully prepaid. Also on February 4, 1952, E. J. McCabe, Sr., contacted the representative of a duly authorized bonding company and arranged for the furnishing of an undertaking on appeal in the cause.

The notice of appeal was received and filed by the clerk of the court of Toole county on February 5, 1952.

On the morning of February 5, 1952, while engaged in the trial of a personal injury action in the district court of Cascade county at Great Falls, E. J. McCabe, Sr., suffered a cerebral hemorrhage, commonly known as a "stroke," becoming suddenly and seriously ill and incapacitated and resulting in his confinement to bed for a considerable time under the care of a physician.

On the evening of February 5, 1952, E. J. McCabe, Sr., was visited by his son and law partner E. J. McCabe, Jr., at which time the mental and physical condition of the father was such that no legal or business matters were or could be discussed.

On the evening of February 6th, the son again visited his father, at which time the father informed his son that an undertaking on appeal should be filed with the clerk of the district court of Toole county "within five days from yesterday." However, because of the father's then mental condition he assumed that it was the same day that he was stricken when as a matter of fact it was a day later, to-wit, February 6th.

On the following morning, February 7th, the son contacted the bonding company regarding the undertaking on appeal and on Saturday morning, February 9, 1952, the bonding company delivered the undertaking to the son, whereupon the latter promptly and on the same date, mailed the undertaking to the clerk of the district court of Toole county at Shelby, together with a letter properly addressed with the necessary postage thereon prepaid, which was deposited in the post office at Great Falls, Montana. The letter requested the clerk to promptly inform the son as to the time of the filing of the undertaking and in compliance with such request the clerk of court on Monday morning, February 11, 1952, telephoned the son that his letter had been received and that the undertaking had been filed.

At the trial of the cause in the district court a dozen witnesses testified and approximately 66 exhibits consisting of leases, assignments, notices and other papers and records were introduced in evidence so that the transcript on appeal here filed

on October 7, 1952, consists of two volumes comprising 474 pages of typewritten material.

Nine days following the filing of the transcript, the plaintiffs, by their counsel, filed in this court a motion to dismiss the appeal upon the claimed grounds that "the undertaking on appeal was not filed with the clerk of the trial court until the 11th day of February 1952, more than five days after the service of the notice of appeal" and that under the provisions of the statute the appeal is ineffectual for any purpose whatever. At the time of filing the above motion, plaintiffs' counsel also filed a suggestion of defect or error in the transcript and a motion for an order requiring the clerk of the trial court to correct such claimed defect consisting of the statement in the clerk's certificate to the effect that "a good and sufficient undertaking on appeal in due form has been duly and properly filed in my office."

No question is raised as to the service and filing of the notice of appeal from the judgment. Such notice was both timely and proper.

*Appeals Allowed (1) from judgments or (2) from Orders.* Under our Codes, appeals are allowed and may be taken either from a *judgment* or an *order* made or entered in a civil action except only in cases when such *judgment* or *order* is expressly made final by our Code of Civil Procedure.

R. C. M. 1947, sec. 93-8001, provides: "A *judgment* or *order* in a civil action, except when expressly made final by this code, may be reviewed as prescribed in sections 93-7901 to 93-7908 and 93-8001 to 93-8023, *and not otherwise.*" Emphasis supplied.

*How an Appeal Is Taken.* "An appeal is taken by filing with the clerk of the court in which the *judgment* or *order* appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney." Emphasis supplied. R. C. M. 1947, sec. 93-8005.

*Undertaking on Appeal.* The second sentence of section 93-8005, supra, provides that "within five days *after service* of the

556

notice of appeal, an undertaking be filed''. Emphasis supplied. Compare Johnson County Savings Bank v. Joe Klaffki Co., 26 Mont. 384, 68 Pac. 410; Clarke v. Swartz, 87 Mont. 1, 3, 285 Pac. 177.

R. C. M. 1947, sec. 90-407, provides: ''The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded.'' Compare Kelly v. Independent Publishing Co., 45 Mont. 127, 135, 122 Pac. 735, 38 L. R. A., N. S., 1160, Ann. Cas. 1913D, 1063.

Under the provisions of R. C. M. 1947, sec. 59-510, the office hours for public offices were from nine o'clock a. m. until five o'clock p. m. each day except holidays.

In 1951, the legislative assembly, by the enactment of Chapter 22, Laws of 1951, amended section 59-510, supra, therein providing that the office hours in public offices on Saturdays ''shall be from nine o'clock A. M. to *twelve o'clock noon.*''

In 52 Am. Jur., Time, sec. 15, at p. 340, it is said: ''The general rule that the law knows no fractions of a day is a mere legal fiction, and, like all other legal fictions, is allowed to operate only in cases where it will promote right and justice. Hence, there are many decisions which hold that fractions of a day will be taken into account in the computation of time when, from the nature of the case, justice demands that it be done. Thus, the legal fiction that there are no fractions of a day has no application where a statute, to avoid confusion, expressly requires that notice shall be taken of the precise time an official act is done, and that a record thereof shall be made; or if every Saturday after 12 o'clock noon is made a holiday, in the computation of the time in which an act must be performed exclusive of holidays, Saturday half holidays are to be deducted, each being counted as one-half day.'' Compare Heffernan v. Bennett & Armour, Cal. App., 230 Pac. (2d) 658; Ocumpaugh v. Norton, 24 App. D. C. 296, 68 L. R. A. 272; 2 Ann. Cas. 133 with note; Kelly v. Independent Publishing Co., supra.

The notice of appeal was served by mail on Monday, February

█ 4, 1952, such service being authorized by the provisions of R. C. M. 1947, secs. 93-8503 and 93-8504, the service being complete at the time of deposit in the post office at Great Falls.

Under the rule stated in section 90-407, supra, the first day, █ to-wit, February 4th, is excluded and defendants then had five *full* days commencing with Tuesday, February 5th, within which to file the undertaking on appeal. Defendants may not be cut off with but four days nor with only four and one-half days nor with any other time less than the five *full* days allowed by statute.

On Saturday morning, February 9th, and within the five days allowed by statute therefor, the undertaking on appeal was duly mailed to the clerk of the district court at Shelby. Saturday, February 9th, commencing at 12:00 o'clock noon was made a holiday as was Sunday, February 10th, so that the filing of the undertaking on appeal on Monday, February 11th, fully complied with the provisions of the Code.

In support of the motion to dismiss the appeal, plaintiffs' counsel have cited several Montana decisions but all arose and were decided prior to the amendment in 1909 of section 7116, Revised Codes of 1907, by the enactment of Chapter 47, Laws of 1909. Section 7116 of the 1907 Codes as so amended is now R. C. M. 1947, sec. 93-8019. The cases relied upon by plaintiffs are not in point under the facts which here obtain and the statute as amended by Chapter 47, Laws of 1909, supra. Compare R. C. M. 1947, secs. 93-8019, 93-3905 and 93-8708.

The statement in the clerk's certificate to the transcript to the effect that "a good and sufficient undertaking on appeal in due form has been duly and properly filed in my office in said action" is correct. We find no merit in plaintiffs' suggestion of defect or error in the transcript, in their motion for modification or amendment of the clerk's certificate nor in their motion to dismiss the appeal. Accordingly plaintiffs' above

558

suggestion of defect in the transcript and plaintiffs' motions are each and all disallowed and denied. It is so ordered.

ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN, ANGSTMAN and ANDERSON, concur.