No. 9552. In The Matter of the ESTATE OF BURTON L. KNOWLES, a/k/a BURTON L. KNOWLES, SR., Deceased.

304 Pac. (2d) 923.

Decided Dec. 21, 1956.

*Jerry J. O'Connell,* Great Falls, for Appellant.

*Charles Davidson,* Great Falls, for Respondent.

Per Curiam.

On May 9, 1955, the appellant Burton L. Knowles, Jr., by his counsel, Jerry J. O'Connell, Esq., of Great Falls, Montana, first appeared in this court in the above entitled and numbered action, paid to the clerk of this Court the requisite appearance fee and on petition and affidavit that day filed by order of this Court was granted further time within which to file his transcript on appeal herein. Thereafter and on January 16, 1956, Jerry J. O'Connell, sole attorney for the appellant herein died.

Thereafter, on November 23, 1956, Ebenezer C. Knowles, Executor named in said Will of Burton L. Knowles, also known as Burton L. Knowles, Sr., by and through his counsel, appeared

in this Court and caused to be filed his written motion to dismiss the appeal for failure to serve and file the record within the time required and within the time allowed by the above entitled court, together with a certified copy of the notice of appeal and the certificate of the clerk of the District Court of the Eighth Judicial District of the State of Montana, in and for the County of Cascade, showing that the case was originally instituted in that Court; the nature, amount and date of the judgment appealed from; the date of the filing of the service and filing of the notice of the appeal; the date of the undertaking on appeal and further showing that the appellant had not requested or received a duly certified transcript in the matter.

The following longhand endorsement is at the bottom of the motion to dismiss the appeal, viz., "Service of the within and foregoing motion admitted and copy received this 21st day of November, 1956. John M. McCarvel."

There is nothing in the record in this cause to show that John M. McCarvel had or has any authority to represent the appellant or that he at any time represented the appellant in connection with his appeal or that he at any time did or now does represent the appellant.

The papers in this cause fail to show compliance with the statute prescribing the procedure to be followed when an attorney for a party litigant dies before further proceedings may be had or taken against such party. Accordingly the motion to dismiss the appeal is denied for failure to show compliance with the statutes in such case made and provided. Compare R.C.M. 1947, section 93-2104 and Endresse v. Van Vleet, 118 Mont. 533, 536, 169 Pac. (2d) 719. It is so ordered.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON, DAVIS, and BOTTOMLY, concur.