No. 92-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RICHARD SALTZMAN, JR.,

      Plaintiff and Respondent,

v.

MONTANA DEPARTMENT OF TRANSPORTATION,

      Defendant and Appellant.

FILED

JUL 20 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Jack A. Holmstrom, Montana Department of
Transportation, Helena, Montana

      For Respondent:

            Michael E. Wheat, Cok & Wheat,
Bozeman, Montana

Submitted on Briefs:  February 4, 1993

Decided:  July 20, 1993

Filed:

_____
               Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On January 16, 1991, plaintiff Richard Saltzman, Jr., filed his complaint in the District Court of the First Judicial District, Lewis and Clark County, to enforce a settlement agreement entered into with the Montana Department of Transportation. On April 27, 1992, the District Court dismissed his complaint with prejudice based on his failure to prosecute his claim in a timely fashion. However, on June 10, 1992, plaintiff moved the District Court, pursuant to Rule 60(b)(6), M.R.Civ.P., to vacate and set aside its earlier judgment. That motion was granted on August 14, 1992. The Department appeals from the District Court's August 14, 1992, order. We affirm.

The issue on appeal is whether, due to the passage of 45 days, the District Court lost jurisdiction to grant plaintiff's motion to vacate the court's earlier judgment.

## FACTUAL BACKGROUND

On January 16, 1991, plaintiff, through his attorney, filed a complaint in which he alleged that a settlement agreement entered into between the Montana Department of Transportation and plaintiff, on April 2, 1979, had been breached by the Department. The 1979 settlement agreement resolved an earlier claim by plaintiff that the Department had discriminated against him as an employee based upon physical and mental handicap. As part of that agreement, the Department agreed to reinstate plaintiff as an employee, and he agreed to dismiss various formal complaints that had been filed against the Department.

2

The Department answered plaintiff's complaint on May 16, 1991, and a scheduling conference was conducted by the District Court on July 12, 1991. As a result of that conference, this case was set for trial on April 27, 1992, and January 30, 1992, was established as the date for completion of discovery. Other dates for the completion of pretrial matters were also established.

The Department subsequently submitted written interrogatories and requests for admissions to plaintiff's attorney. However, no responses were ever provided in spite of the District Court's order compelling plaintiff to respond to the interrogatories.

The Department attempted to comply with other deadlines established by the District Court. However, there was no compliance by plaintiff's attorney. He failed to provide a witness list or an exhibit list, and did not attend the pretrial attorney conference in compliance with the District Court's scheduling order.

On March 9, 1992, the Department moved the District Court to dismiss plaintiff's complaint as a sanction for plaintiff's failure to provide responses to discovery or otherwise comply with the District Court's scheduling order. Plaintiff's attorney did not respond to this motion, or other earlier motions to dismiss which had been filed by the Department.

On April 27, 1992, the District Court entered its order dismissing plaintiff's claim with prejudice because of his failure to prosecute that claim in a timely manner. Notice of entry of

3

that judgment was filed and mailed to plaintiff's attorney of record on the following day.

Norma Saltzman is plaintiff's mother, and due to his handicap has attempted to assist him with his claim. In an affidavit filed with the District Court, she stated that during the time that plaintiff's former attorney represented him, he had advised her and her husband that he was proceeding with discovery and that everything was under control. Plaintiff's attorney also told her that he anticipated that he would be prepared for the original trial date, but advised her that if he was not prepared, there would be no problem having that trial date continued. He did not advise them of outstanding discovery requests from the Department, and no copies of any legal documents were ever shown or provided to them.

Plaintiff advised the District Court by affidavit that after the complaint was filed in this case, he had one conversation with his attorney, but heard nothing further from him and was provided with no copies of discovery or pleadings in his case.

In March 1992, plaintiff's parents began looking for other representation for their son, but were advised to continue with the services of their original attorney. Finally, on June 4, Michael Wheat, an attorney in Bozeman, agreed to represent plaintiff. He made several calls to the former attorney's office to discuss the case, but the calls were not returned. On June 5, 1992, he wrote to that attorney and advised him that he had agreed to represent

4

plaintiff and asked if they could make arrangements to transfer the file. On that same date, Wheat also called the attorney for the Department to notify him that he would be representing plaintiff. That call was returned on June 8, 1992. It was during that telephone conversation that Wheat was first advised that plaintiff's complaint had been dismissed with prejudice. On that same date, Wheat notified plaintiff and his parents of the dismissal. This was their first notice of the dismissal.

On June 8, and again on June 9, Wheat called the office of plaintiff's former attorney on several occasions to arrange for substitution of counsel. However, those calls were not returned.

On June 10, 1992, Wheat filed a motion in the District Court pursuant to § 37-61-403, MCA, asking that he be substituted for plaintiff's former attorney as the attorney of record for plaintiff. On that same date, he filed a motion pursuant to Rule 60(b)(6), M.R.Civ.P., for an order vacating the District Court's earlier judgment.

Although there was no objection to plaintiff's motion for substitution of counsel, that motion was not acted upon by the District Court until August 14, 1992, when it was granted. On that same date, the District Court granted plaintiff's motion, over the objection of the Department, to vacate its earlier judgment.

On appeal, the Department does not reargue the merits of plaintiff's Rule 60(b)(6) motion. It simply alleges that by August 14, 1992, 65 days had passed since the motion was filed, and

5

therefore, pursuant to Rule 60(c) and Rule 59(d), M.R.Civ.P., the District Court was without jurisdiction to grant plaintiff's motion.

Therefore, we limit our review to that issue.

DISCUSSION

Rule 60(c), M.R.Civ.P., provides that:

Motions provided by subdivision (b) of this rule shall be determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment and if the court shall fail to rule on the motion within the 45 day period, the motion shall be deemed denied.

In this case, the District Court did not rule on plaintiff's motion within 45 days and that is the basis for the Department's contention that it was without jurisdiction to do so on August 14, 1992. However, plaintiff points out that neither did the District Court rule on his motion to substitute Michael Wheat for his former attorney and that until that motion was granted, there was no valid Rule 60(b)(6) motion pending before the District Court. The motion for substitution was not granted until the date on which plaintiff's Rule 60(b)(6) motion was granted, and therefore, plaintiff contends that the District Court's order was timely.

The Department responds that Wheat acted as plaintiff's attorney, and that the motion he filed on plaintiff's behalf should be deemed effective from the date on which it was filed. In support of that argument, the Department refers us to several cases from other jurisdictions, including *Baker v. Boxx* (Cal. App. 2d 1991), 277 Cal. Rptr. 409, and *In re Goldstein* (2d Cir. 1930), 43 F.2d 698.

6

In support of his position, plaintiff relies on *Giacona v. State* (Ark. App. 1992), 839 S.W.2d 228.

Because these decisions are based on statutory rules or equitable principles that are not present in this case, we find none of them persuasive. Instead, we conclude that our decision is controlled by our earlier decision in *Endresse v. Van Vleet* (1946), 118 Mont. 533, 169 P.2d 719. In that case, the defendants' attorney was appointed to the federal bench after the trial. No formal substitution of counsel had been filed with the district court and the defendants resided out of state. The plaintiff filed a notice of appeal with the clerk of court, along with an affidavit, pointing out that defendants were unrepresented and there was, therefore, no attorney upon whom notice of appeal could be served. This Court held that under those circumstances, the proceedings were suspended until a new attorney was formally substituted for the defendants' former attorney, and therefore, the notice of appeal had not been effectively served. In arriving at that conclusion, this Court stated the following relevant rule:

> A party having an attorney of record in an action must be heard in court through such attorney and the court has no power or authority of law to recognize anyone in the conduct or disposition of the case except the attorneys of record therein.

> Even death of a party to an action does not revoke the authority of his attorney of record in such action, "but the authority of the attorney is continued in all respects the same and with like effect as it was prior to the death of such party, until such attorney shall *withdraw* his appearance in said action . . . or some other attorney shall be *substituted* for him, or his authority

7

shall be otherwise terminated, *and entry thereof made to appear in the record of such action or proceeding.*" Sec. 8974 Rev. Codes.

> In the absence of any relation of the attorney to the subject of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action by complying with the provisions of sections 8975 and 8976, Revised Codes, but such change must be entered upon the minutes of the court or be upon order of the court after notice (sec. 8975) and thereafter written notice must be given to the adverse party of the change and substitution of a new attorney or of the appearance of the party in person and, "Until then he [the adverse party] must recognize the former attorney." Sec. 8976, Rev. Codes.

*Endresse*, 169 P.2d at 720.

It is clear then from our previous decision that so long as plaintiff was represented by his original attorney, the court had no power nor authority to rule upon a motion filed by anyone else on plaintiff's behalf. The authority to act on plaintiff's behalf could only be transferred according to the procedure provided for by statute. The controlling statute during the time that this case was decided was § 37-61-403, MCA. It provides as follows:

> The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows:
>
> (1) Upon consent of both client and attorney, filed with the clerk or entered upon the minutes;
>
> (2) Upon the order of the court, upon the application of either client or attorney, after notice from one to the other.

In this case, consent of the original attorney for substitution of counsel could not be obtained. That attorney did not respond to the telephone calls or correspondence which

8

requested his withdrawal. The only means by which plaintiff could accomplish a substitution of counsel was by order of the District Court. He promptly moved for such an order within two days from the date on which he discovered that his complaint had been dismissed. There is no contention by the Department that the motion for substitution had to be ruled on within any specified period of time. That motion was granted on August 14, 1992. Prior to that date, the District Court had no power or authority to recognize the motion which had been filed on plaintiff's behalf pursuant to Rule 60(b)(6), M.R.Civ.P.

Therefore, we conclude that the 45-day period provided for in Rule 60(c) did not begin to run until plaintiff's motion for substitution of counsel was granted and there was an authorized motion for post-judgment relief for the District Court to consider.

For these reasons, we hold that the District Court had jurisdiction on August 14, 1992, to grant plaintiff's motion for relief from the judgment which had been entered on April 27, 1992. Since that is the only issue we have been asked to address, the order of the District Court is affirmed.

_____
                    Justice

9

We concur:

John Conway Harrison
William E. Hunter
R. C. McDonough
Fred O. Fisher
                    Justices

10

July 20, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jack A. Holstrom, Esq.
Montana Department of Transportation
2701 Prospect Ave.
Helena, MT 59620

Michael E. Wheat
Cok & Wheat
P.O. Box 1105
Bozeman, MT 59771-1105

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy